Plaintiff's Name _Mr Whllace Batiste_

Prisoner No. _2166478S_

Institutional Address _1 More Land DR._

_Son Bruno, CA._
_94066_

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

_Wallace Batiste_
(Enter your full name)

v.

_The State of California_
_San Francisco. Justice_
_Department Administration_
_Superior court_
(Enter the full name(s) of all defendants in this action)

Case No. _224334 /150/386_
(Provided by the clerk upon filing)

5:23-00383-NC

**COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement _San Bruno county Jail facility_

**B.** Is there a grievance procedure in this institution?    ☑ YES    ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure?
☑ YES    ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

    1.    Informal appeal: _224334 /150/3868/_
    _August 23, 2021_

    2.    First formal level: _Receive writ # 1549_
    _Denied_
    _on october 19, 2021_

3.  Second formal level: _COURT OF Appeal_
_FIRST Appellate district division_
_Four. December 20, 2021_
4.  Third formal level: _Supreme Court_

_Denial_

E. Is the last level to which you appealed the highest level of appeal available to you?
☑ YES          ☐ NO

F. If you did not present your claim for review through the grievance procedure, explain why.

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).

_N/A_

B. For each defendant, provide full name, official position and place of employment.
_Hon. MS. Loretta Giorgi. Administration supate_
_Court Judge. Hon. MR. Russell Roeca administration_
_Judge._
_MR. James sonal conflict lawyer Attorney._

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

_I am serious been deliberately victimize attacked_
_against tremendously wrongly specifically by the_
_administration of Justice department. AT San Francisco_
_superior court system._

on June 29, 2021. AT Dept #2 infront of Hon Judge MS. Lorretta Giorsi- For the last past period of approximate saenteen months I'm still bearing illegal technically target bias against from negative perspective of them using preidice discrimination. on August 2, 2021. After she purposely delay my court procedure. Then assign legal attorney who already had animosity grudge towards appellate. MR. James send. on August 23, 2021 I Had to file habeas corps writ- Document on records They then started devious plotted. I have enough irited data material burn proof. Miscarriage of Justice. Transcript hearing on march 11, 2020. Legal QCA report o Digital Readout sheet. Also minute order. Exhibit 1-6 THe writ That was Suppose to be Serve calendar Judge- That Violated protocal.

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

I'm now sincerily At the mercy of Magistrate Judge. To immediate take action. Against all party involve significantly and mest definite Reliar counsel MR. James Send. under exemplary punitive damage. I need representation lawyer, who I can really trust, respect, communicate with To file claim of hundred fifty million dollars

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 1/19/23    Wallace Batiste
Date    Signature of Plaintiff

066

CR-120

| PEOPLE OF THE STATE OF CALIFORNIA | CASE NUMBER: |
|---|---|
| vs. | ~~224334 (15013868)~~ |
| ~~Defendant~~  ~~WALLACE BATISTE~~ | |

### REQUEST FOR CERTIFICATE OF PROBABLE CAUSE

I request a certificate of probable cause. The reasonable constitutional, jurisdictional, or other grounds going to the legality of the guilty plea, no-contest plea, or probation violation admission proceeding are *(specify):*

Improper Denial of Defendant's Motion to Dismiss on violation of speedy trial rights after reversal of convictions (in Court of Appeal Case Number A151355 on September 30, 2019) by San Francisco Superior Court on March 11, 2020.

Remittitur in case A151355 was filed in San Francisco Superior Court on December 17, 2019.

Subsequent Writ application to Court of Appeal (A159969) and Petition for Review to California Supreme Court (S263132) on the denial of Defendant's Motion to Dismiss were summarily denied.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 14, 2020

Erwin F. Fredrich
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

### COURT ORDER

This Request for Certificate of Probable Cause is *(check one):*  [x] granted  [ ] denied

Date: August 14, 2020                                        JUDGE

CR-120 [Rev. January 1 2017]

**NOTICE OF APPEAL—FELONY (DEFENDANT)
(Criminal)**

Page 2 of 2

**(g) Reasons for denial of petition**

Document material

Any order denying a petition for writ of habeas corpus must contain a brief statement of the reasons for the denial. An order only declaring the petition to be "denied" is insufficient.

*(Subd (g) amended and relettered effective January 1, 2002; adopted as subd (e) effective January 1, 1982.)*

**(h) Extending or shortening time**

On motion of any party or on the court's own motion, for good cause stated in the order, the court may shorten or extend the time for doing any act under this rule. A copy of the order must be mailed to each party.

*(Subd (h) amended and relettered effective January 1, 2002; adopted as subd (f) effective January 1, 1982.)*

*Rule 4.551 amended effective January 22, 2019; adopted as rule 260 effective January 1, 1982; previously renumbered as rule 4.500 effective January 1, 2001; previously amended and renumbered effective January 1, 2002; previously amended effective January 1, 2004, January 1, 2007, and January 1, 2009.*

**Advisory Committee Comment**

The court must appoint counsel on the issuance of an order to show cause. (*In re Clark* (1993) 5 Cal.4th 750, 780 and *People v. Shipman* (1965) 62 Cal.2d 226, 231-232.) The Court of Appeal has held that under Penal Code section 987.2, counties bear the expense of appointed counsel in a habeas corpus proceeding challenging the underlying conviction. (*Charlton v. Superior Court* (1979) 93 Cal.App.3d 858, 862.) Penal Code section 987.2 authorizes appointment of the public defender, or private counsel if there is no public defender available, for indigents in criminal proceedings.

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 4

Office of the County Clerk
San Francisco County Superior Court  -  Main
Attention: Civil Appeals
400 McAllister Street, 1st Floor
San Francisco, CA 94102

THE PEOPLE,
Plaintiff and Respondent,
v.
WALLACE BATISTE,
Defendant and Appellant.

A160838
San Francisco County Super. Ct. No. SCN224334

* * REMITTITUR * *

I, Charles D. Johnson, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the attached is a true and correct copy of the original opinion or decision entered in the above-entitled cause on May 20, 2021 and that this opinion has now become final.

___ Appellant ___ Respondent to recover costs
___ Each party to bear own costs
_✓_ Costs are not awarded in this proceeding
___ See decision for costs determination

Witness my hand and the Seal of the Court affixed at my office this      JUL - 1 2021

Very truly yours,
Charles D. Johnson
Clerk of the Court

Deputy Clerk

P.O. Report        ___
Marsden Transcript:    ___
Boxed Transcripts:    ___
Exhibits        ___
None of the above:    ___

BROWN, J., Concurring.

I join fully in the final paragraph of the majority opinion and the disposition. However, I believe that *People v. Brigham* (1979) 25 Cal.3d 283 and California Rules of Court, rule 8.200 foreclose the approach originally taken by this panel—as pragmatic as that approach may have been in light of the Attorney General's ultimate concession that Batiste is entitled to relief on the merits. Unlike the majority, I do not believe the procedural requirements of *Brigham* and the Rules of Court silently admit of exceptions when the parties agree on the merits. Nor can I agree that the Attorney General implicitly waived his right to oral argument when he filed his response on the merits, particularly when this court ordered the merits response after receiving the Attorney General's procedural objection to the motion for summary reversal, and when the Attorney General's merits response reiterated his initial position objecting to the summary reversal process. Notwithstanding these disagreements, however, I agree with the majority that the case must now be remanded to permit Batiste to withdraw his guilty plea.

BROWN, J.

1

Court of Appeal, First Appellate District
Charles D. Johnson, Clerk/Executive Officer
Electronically FILED on 1/6/2021 by C. Hoo, Deputy Clerk

## CALIFORNIA COURT OF APPEAL
## FIRST APPELLATE DISTRICT
## DIVISION FOUR

THE PEOPLE,
    Plaintiff and Respondent, .
    v.
WALLACE BATISTE,
    Defendant and Appellant.

A160838
San Francisco County
Sup. Ct. No. SCN224334

BY THE COURT*:

    Respondent having been given the opportunity to respond to appellant's motion for summary reversal in compliance with Government Code section 68081, and having acknowledged that the motion is well taken and should be granted, the motion is granted and the matter is remanded to the Superior Court to permit appellant to move to withdraw his guilty plea.

Date: 01/06/2021          **Pollak, P.J.**      P.J.
                              PRESIDING JUSTICE

*Pollak, P.J., Streeter, J., and Brown, J. participated in the decision.

Document received by the CA Supreme Court.

*Exhibit Copy.    3 of 1*

Filed 5/20/21 P. v. Batiste CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FOUR

THE PEOPLE,

 Plaintiff and Respondent,

v.

WALLACE BATISTE,

 Defendant and Appellant.

A160838

(City & County San Francisco Super. Ct. No. 224334)

### MEMORANDUM OPINION

The facts relevant to disposition of the present appeal are simply stated. Upon remand to the superior court following the reversal of his conviction, defendant Wallace Batiste pled guilty to one count of robbery (Pen. Code, § 211) pursuant to a negotiated disposition under which the court promised to grant a certificate of probable cause that would enable him to challenge on appeal the denial of his motion to dismiss the information for the asserted denial of his right to a speedy trial. Defendant was sentenced (to five years in prison, deemed served) and the court signed a certificate of probable cause. On appeal defendant contends that his guilty plea was improperly induced by the promise to issue a certificate of probable cause on what the parties now recognize is a nonappealable issue. (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357.) The Attorney General agrees and acknowledges that "the judgment should be reversed and the case should

1

be remanded to the superior court to permit [defendant] to move to withdraw his guilty plea."

Recognizing that the speedy trial issue is not appealable, defendant initially moved for summary reversal so that he could return to the superior court and move to withdraw his plea. In response to this court's request for a response to the motion, the Attorney General responded that defendant was not entitled to summary reversal but that "[w]ith respect to the merits of appellant's claim, respondent agrees that he will be entitled to relief on the merits when his appeal is decided." Based on this response, a panel of this court issued the following order: "Respondent having been given the opportunity to respond to appellant's motion for summary reversal in compliance with Government Code section 68081, and having acknowledged that the motion is well taken and should be granted, the motion is granted and the matter is remanded to the Superior Court to permit appellant to move to withdraw his guilty plea." The Supreme Court then granted the People's petition for review and transferred the case back to this court with directions to vacate that order "and consider whether the summary reversal procedure used is appropriate in light of California Constitution, article VI, sections 3 and 14, *People v. Brigham* (1979) 25 Cal.3d 283, Government Code section 68081, and Cal. Rules of Court, rule 8.200(a)." Having further considered this issue in light of the cited authorities, as directed, we conclude once again that having given the Attorney General the opportunity to respond to defendant's motion and the Attorney General having responded that defendant was entitled to have the matter remanded to the superior court, nothing in any of the cited materials precluded summary disposition to accomplish what both parties agreed should occur.

2

rule 8.200(a) specifies the briefs that parties must and may file on appeal without further permission, but the rule does not purport to require the submission of a full set of briefs when it is disclosed by motion that the parties are in agreement on a particular matter. Here the views of the Attorney General were obtained and when it appeared that both parties agreed the case had to be remanded to the trial court, and this court agreed, there was nothing in any of these authorities that precluded prompt and efficient disposition in accordance with the views of all parties, nor was there any reason to protract the proceedings further.

In all events, following remand from the Supreme Court, we granted defendant's unopposed motion for calendar preference and treated his prior memorandum as his opening brief on appeal; the Attorney General filed a response concluding that "the judgment should be reversed and the case should be remanded to the superior court to permit [defendant] to move to withdraw his guilty plea," and both parties waived oral argument. Therefore, because, as the Attorney General states, defendant "correctly argues that his guilty plea was improperly induced by the trial court's promise to issue a certificate of probable cause on a nonappealable issue," the matter must be remanded to permit defendant to move to withdraw his plea.

## Disposition

The judgment is reversed and the case is remanded to the superior court to permit defendant to move to withdraw his guilty plea. If defendant fails to do so within 30 days of the issuance of the remittitur, the judgment shall be reinstated.

POLLAK, P. J.

I CONCUR:

STREETER, J.

4

BROWN, J., Concurring.

I join fully in the final paragraph of the majority opinion and the disposition. However, I believe that *People v. Brigham* (1979) 25 Cal.3d 283 and California Rules of Court, rule 8.200 foreclose the approach originally taken by this panel—as pragmatic as that approach may have been in light of the Attorney General's ultimate concession that Batiste is entitled to relief on the merits. Unlike the majority, I do not believe the procedural requirements of *Brigham* and the Rules of Court silently admit of exceptions when the parties agree on the merits. Nor can I agree that the Attorney General implicitly waived his right to oral argument when he filed his response on the merits, particularly when this court ordered the merits response after receiving the Attorney General's procedural objection to the motion for summary reversal, and when the Attorney General's merits response reiterated his initial position objecting to the summary reversal process. Notwithstanding these disagreements, however, I agree with the majority that the case must now be remanded to permit Batiste to withdraw his guilty plea.

BROWN, J.

Section 3 of article VI of the California Constitution reads in part, "Concurrence of 2 judges present at the argument is necessary for a judgment." *People v. Brigham, supra,* 25 Cal.3d 283 held this provision recognizes a right to oral argument and prevented an appellate court from affirming a conviction without affording the defendant an oral argument on appeal. The court held, "the Court of Appeal cannot summarily affirm a criminal conviction without first holding oral argument." (*Id.* at p. 288.) Even though the appellate court considered the defendant's contention " 'as a practical matter hopeless,' " "the appellate court had an obligation to hear the arguable argued." (*Id.* at p. 289.) The court did not hold that there must be oral argument to consider a matter that is not disputed. We would view this issue differently if the Attorney General indicated he disputed some aspect of the appellant's position on the merits. *Brigham* involved a situation in which the appellant's position was a least "theoretically arguable." (*Ibid.*) The Attorney General's position here does not meet even that standard. This is not a matter of mere pragmatism. "The law neither does nor requires idle acts." (Civ. Code, § 3532.) Moreover, by acknowledging that defendant was entitled to the remand he requested, the Attorney General recognized there was no need for oral argument and should be understood to have implicitly waived the right to a pointless argument.

Section 14 of article VI of the California Constitution requires appellate decisions to be in writing "with reasons stated," with which the remand order complied. Government Code section 68081 requires that appellate decisions not be based on grounds to which parties have not had "an opportunity to present their views on the matter through supplemental briefing." Here, the Attorney General was given the opportunity and did in fact express its views before the court granted the summary reversal. California Rules of Court,

3

# FIRST DISTRICT APPELLATE PROJECT

475 Fourteenth Street, Suite 650 · Oakland, California 94612 · (415) 495-3119 · Facsimile: (415) 495-0166

May 6, 2021

████████ Batiste
Chancellor Hotel on Union Square
433 Powell Street, Room #1107
San Francisco, CA 94102

*Confidential Attorney-Client*
*Privileged Communication*

Re: *People v. Wallace Batiste*
First District Court of Appeal case no. A160838
San Francisco Superior Court case no. SCN224334

Dear Mr. Batiste:

Enclosed is a copy of the supplemental brief I filed on your behalf in the Court of Appeal this afternoon. I understand it is frustrating that your appeal still drags on even though the error in your case is obvious. Unfortunately, as I mentioned on the phone, the Attorney General is using your case to push for new law on a technical procedural issue that has nothing to do with the merits of your appeal – which even the Attorney General concedes will ultimately result in a reversal and the opportunity to withdraw your plea. I will keep you posted.

Sincerely,

*/s/ Jeremy Price*

Jeremy Price
Staff Attorney

# FIRST DISTRICT APPELLATE PROJECT

475 Fourteenth Street, Suite 650 • Oakland, California 94612 • (415) 495-3119 • Facsimile: (415) 495-0166

June 3, 2021

Wallace Batiste
Chancellor Hotel on Union Square
433 Powell Street, Room #1107
San Francisco, CA 94102

***Confidential Attorney-Client
Privileged Communication***

Re:   *People v. Wallace Batiste*
        First District Court of Appeal case no. A160838
        San Francisco Superior Court case no. SCN224334

Dear Mr. Batiste:

I hope this letter finds you well. I am writing to follow up on our phone conversation earlier this morning.

As you know, on May 21, 2021, the Court of Appeal issued the enclosed favorable opinion in your appeal. In its written decision, the Court of Appeal agreed with our argument that the Superior Court judge improperly induced your plea by erroneously promising that you would be able to challenge the denial of your pre-plea speedy trial motion as part of an appeal following your guilty plea. The Court of Appeal, therefore, conditionally reversed the judgment in order to provide you with an *opportunity* to withdraw your guilty plea within 30 days of the issuance of the remittitur. The remittitur – also enclosed – issued on June 1, 2021. As a result, you now have until July 1, 2021 to withdraw your guilty plea. If you do not move to withdraw your guilty plea by July 1, 2021, your plea bargain will be reinstated and your current conviction and sentence will remain in effect.

While the Court of Appeal's ruling *allows* you to withdraw your guilty plea, the ruling does *not require* you to walk away from your guilty plea. You may recall, in my first letter to you dated September 28, 2020, I similarly advised you that: "If the Court of Appeal agrees your plea bargain was defective, you will not be required to walk away from your plea deal. You will just have the option of doing so should you want to." Likewise, in a letter to you dated February 9, 2021, I wrote: "Please keep in mind that you are under no obligation to withdraw your plea. You may elect to do so, or you may choose to keep the deal you have."

June 3, 2021
Page 3

On the phone today, you expressed confidence that the district attorney could not reinstate any dismissed charges against you if you were to withdraw from your guilty plea due to your belief that all the charges should be dismissed because the state violated your speedy trial rights under Penal Code section 1382 and constitutional principles of due process. Your speedy trial rights very well may have been violated, but no trial or appellate court has yet to agree with you on that. Before you entered your guilty plea, the trial court denied your speedy trial motion, and Mr. Fredrich unsuccessfully sought writ relief in the Court of Appeal and Supreme Court. While the Court of Appeal conditionally reversed the judgment this time around because of a problem with your plea, the most recent Court of Appeal opinion did not in any way reverse the judgment on speedy trial grounds. If you were to withdraw your guilty plea before July 1, 2021, there is no reason to believe any of these same three courts would reconsider their rejection of your previously raised speedy trial claims. Accordingly, and unfortunately, I do not agree with you that there is any legal impediment that would prevent the district attorney from reinstating any and all dismissed charges and sentencing allegations should you withdraw your guilty plea.

As an alternative to withdrawing your plea, on the phone today I proposed that I could try to help you obtain an earlier discharge from parole. You have informed me multiple times that you are currently serving a five-year parole term and that you find being on parole to be a serious intrusion into your life. Assuming the five-year parole term is accurate, I believe it is a mistake.

Effective August 6, 2020, parole terms have been greatly reduced for nearly all inmates released on or after July 1, 2020. (See Pen. Code, § 3000.01, subd. (b).) You entered your guilty plea and were sentenced to a paper commitment and ordered to begin a period of parole supervision eight days after the new parole law's effective date, which means the new law should apply to you. Now, individuals like you who were released from prison following completion of any determinate term must serve only a two-year period of parole supervision. Moreover, a person subject to a two-year parole term must be considered for early discharge from parole within 12 months of release from confinement and *must be discharged* "[i]f at the time of the review the inmate has been on parole continuously for 12 months since release from confinement without a violation and the inmate is not a person required to be treated as described in Section 2962[.]" (Pen. Code, § 3000.01, subd. (b)(1).) This means that if you make it through a year or parole supervision without

any sustained violations, you must be discharged from parole after completing only one year of parole supervision.

Because of this change in law, which I believe applies to you, you are truly in the home stretch and almost done with all aspects of your sentence. I would be happy to contact your supervising parole agent in order to find out whether they are applying this new law to you. If the agent insists that you remain subject to a five-year parole term, I can work with you to try to convince the parole agency or, if necessary, a court, that your parole term should be reduced to two years and that you should be discharged from parole after only one year if you have not picked up any sustained parole violations during the first year of supervision. Please let me know if you would like me to make these efforts on your behalf.

If you would like me to do so, and if these efforts are successful, then you would have less of an incentive to withdraw from your guilty plea, as you may be closer to regaining your unconditional release from state supervision than you realize. Walking away from your plea bargain could keep you under state supervision longer – either in physical custody or on supervised release.

Lastly, I just want to remind you that you currently remain under parole supervision, so you need to remain in compliance with the conditions of your parole as you decide whether to withdraw from your guilty plea or permit it to remain in effect.

Ultimately, the choice whether or not to withdraw from your guilty plea is yours to make. I am writing you this letter to help you make an informed decision as to whether withdrawing from your plea bargain would be in your best interests. I will respect whatever decision you make. Please feel free to call me anytime to discuss these considerations as you work through your options.

Sincerely,

/s/ Jeremy Price
Jeremy Price
Staff Attorney

*Exhibit Copy writ per 1*

HC-001

Name: **Wallace, Batiste**
Address: **San Francisco County Jail 5**

**1 Moreland Drive**
**San Bruno, CA 94066**

CDC or ID Number: **21664485**

**The State of City County**
**California, Superior Court**
**of San Francisco**

_____
(Court)

**Appellate Wallace Batiste**
Petitioner

vs.

**Loretta Giorgi**
Respondent **Michele Brass**

PETITION FOR WRIT OF HABEAS CORPUS

No. **SCN 224384**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

> - If you are challenging an order of commitment or a criminal conviction and are filing this petition in the superior court, you should file it in the county that made the order.
>
> - If you are challenging the conditions of your confinement and are filing this petition in the superior court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal in paper form and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal electronically and you are an attorney, follow the requirements of the local rules of court for electronically filed documents. If you are filing this petition in the Court of Appeal and you are *not* represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents

- Notify the Clerk of the Court in writing if you change your address after filing your petition

> Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007) Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal

Page 1 of 6

HC-001

This petition concerns:

- ☑ A conviction
- ☐ Parole
- ☐ A sentence
- ☐ Credits
- ☐ Jail or prison conditions
- ☐ Prison discipline
- ☑ Other (specify): __Remittitur Reversal 1382__

1. Your name: __Wallace, Batiste__

2. Where are you incarcerated? __San Bruno County Facility Jail__

3. Why are you in custody? ☑ Criminal conviction  ☐ Civil commitment

Answer items a through i to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

__Two consecutive Robbery__
__State property__
__Assault__

b. Penal or other code sections: _____

c. Name and location of sentencing or committing court: __MR Samuel K. Feng.__
__Superior Court 850 Bryant Dept #13__

d. Case number: __15013868__

e. Date convicted or committed: __May 17, 2017__

f. Date sentenced: _____

g. Length of sentence: __Two life sentence__

h. When do you expect to be released? __immediately__

i. Were you represented by counsel in the trial court? ☑ Yes  ☐ No  If yes, state the attorney's name and address:

__Garry Prenais__

4. What was the LAST plea you entered? (Check one):

☐ Not guilty  ☑ Guilty  ☐ Nolo contendere  ☐ Other __Certification probable cause__

5. If you pleaded not guilty, what kind of trial did you have?

☑ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

HC-001

**6. GROUNDS FOR RELIEF**
Ground 1: State briefly the ground on which you base your claim for relief. For example: "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

September 30, 2019. Remittitur was file under Reverse
penal code. Section 1382. The Constitution of speedy
trial guarantee dismiss within 60 days period.

a. **Supporting facts:**
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at *what time (when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

I appellate arraign on June 25, 2021. I then remove withdraw
pull my plea bargain deal. The honorable Braden Woods
summon me back Dept 34 for another arraignment
appearance. I was than specifically advise by the
residing Judge. Ms. Loretta Giorgi on exact date of
time. June 29. I will be return back to court next
day.
San Bruno Sheriff county facility Jail. expressed I
didn't have any type of court date.
About several days later, I check with county-four
pound.
I requested for information on my nexts possible court
appearances. They said August 13, 2021. I seriously felt
tremulously alarmed, behind the long period time,
without even knowing my rights. I started get kind of
frustrated skeptic what they rally transpire against me.
I've not very clarity about that type of unruly issue
so I decide contact my last attorney for future more
data. Mr. Erwin Fredrich.
He also had explained to me that the court assign another
attorney. Without even allowing hearing put on records,
adequately for representation. Continue:

b. **Supporting cases, rules, or other authority (optional):**
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

Notification material document. (Exhibit) 001
Legally signature by honorable Ms. Loretta Giorgi.
Also transportation of Release order (Exhibit) 024
                                    (Exhibit) 029

HC-001

7. **Ground 2 or Ground _____** *(if applicable):* Documents Appellate was Grant the Carryoug Recoverd By First Appellate District Division Four

a. **Supporting facts:**

Superior Court Dep. #2 periodically was again scanning back to Justice deparitment on July 29, for the same scenario. I refuse counselor idea interview also mail. Deot 12 Judge Ms. Loretta Giorgi, constantly steady violating constitution liberty civil rights. proceeding is horrible. She vindictous on August 2 2021. I resign another attorney, who I actually had constitution conflict between us. for representation.

You they're using bias data towards me, by the judicial system on August 4 2021. I was than approach by mental health scripes. unreadible.

Again August 13 2021 I was escort by the sheriff Deptuy baxter, Dept #32 pullpen Than I was scared todo, I had told that to be quiet I wasnt really put inside before. I was place back on transport bus to Bruno County jail. After the fact I was inform that I didnt have any court date. Aug. st 19 2021. at my probation time it was nothing personal calls. And again prejudice behavior occured by the court. inside the facility through there medical staff here.

b. **Supporting cases, rules, or other authority:**

1382 Govern pand order Section 68081 Legislature Statute Senate Bill 1 AW

8. Did you appeal from the conviction, sentence, or commitment? [✓] Yes [ ] No    If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
First Appellate District, Divison Four superior court Dep 22

b. Result: Denied    c. Date of decision: July 24 2020

d. Case number or citation of opinion, if known: A151350 super ct NO 224334

e. Issues raised: (1) Motion To Dismiss De propess

(2) People J. Anderson(2061) 25 col 4 th 45

(3) People V. Billrey (2048) 25 cal App 5 th 769 1382 dismiss

f. Were you represented by counsel on appeal? [✓] Yes [ ] No    If yes, state the attorney's name and address, if known:
MR. ERWIN Freedrich

9. Did you seek review in the California Supreme Court? [✓] Yes [ ] No    If yes, give the following information:

a. Result: Denied    b. Date of decision: 9-14-20

c. Case number or citation of opinion, if known: (S263132)

d. Issues raised: (1) Constitution Statute

(2) Legasculature guarantee Dimiss

(3) 1382

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal (see In re Dixon (1953) 41 Cal.2d 756, 759):
After my denial I didnt Rezcute statmant on the type of Reason why lit was Rejtaired

11. Administrative review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Dexter (1979) 25 Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:

b. Did you seek the highest level of administrative review available? [ ] Yes [ ] No
(May require proof that show you had exhausted your administrative remedies (See People v Duvall (1995) 9 Cal 4th 464 474.)

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court, including this court? (See In re Clark (1993) 5 Cal 4 th 750, 767, 768 and In re Miller (1941) 17 Cal 2d 734, 735.)
[ ] Yes  If yes, continue with number 13.    [ ] No.    If no, skip to number 15.

HC-001

13 a. (1) Name of court: *SAN FRANCISCO SUPERIOR COURT DEP 52*

(2) Nature of proceeding (for example, "habeas corpus petition"):

(3) Issues raised: (a) *MY DUE PROCESS procedure was Violated*

(b) _____

(4) Result (attach order or explain why unavailable): _____

(5) Date of decision: *March 11, 2020*

b. (1) Name of court: *Superior Court Arraignment*

(2) Nature of proceeding: *Motion to dismiss*

(3) Issues raised: (a) _____

(b) _____

(4) Result (attach order or explain why unavailable): _____

(5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____
_____
_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Robbins (1998) 18 Cal.4th 770, 780.)

*All other court date minutes order denied. This not cause of*

16. Are you presently represented by counsel? ☑ Yes ☐ No   If yes, state the attorney's name and address, if known:

*MR. ERWIN Fredrich*

17. Do you have any petition, appeal, or other matter pending in any court? ☑ Yes ☐ No   If yes, explain:

*The Honorable Judge MR. Bradly Woots Dept 23 Court Room*

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____
_____
_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *2-3-21*                                      *Respectfully submitted William Earl*

## Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of _Wallace Batiste_ in the county of _SAN BRUNO_,

California. I am over the age of 18 years. My residence address is:

_1 Moreland Drive), SAN Bruno CA 94066_.

On _8-23-21_, I served the attached _ROOM 101_ in said

case by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid,

in the United States mail at _____

addressed as follows:

_____

_____

_____

_____

    I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on the date

of_____ at _____, California.


_Wallace Batiste_
[Type or Print Name]

_Wallace Batiste_
[Signature]

[Petitioner's Name and CDCR #]
[Mailing Address]

In Pro Per

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF _____

In re

[Your name]                    No. [case number]

On Habeas Corpus

## DENIAL AND EXCEPTION TO THE RETURN
### AND
### SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

For [his/her/their] denial and exception to the return to the order to show cause, petitioner states:

### EXCEPTION

Respondent has failed to set forth sufficient facts or law to show cause why the relief requested in the petition should not be granted.

### DENIAL

[In separate paragraphs, you should specifically address – either admitting or denying – the statements in each paragraph of the Return.]



*factor DSA*
*COPY exhibit*



# Incident Report

Incident: 2021-09001916

| | | | | |
|---|---|---|---|---|
| **Print Date/Time:** | 08/11/2021 14:42 | | | San Francisco Sheriff |
| **Login ID:** | robertson1732 | | **ORI Number:** | CA0380000 |
| **Report Template:** | PRISONER NOTIFICATION OF RFD | | | |

## Details

| | | | |
|---|---|---|---|
| **Incident Type:** | RFD | **Reporting Officer:** | 1732 - Robertson |
| **Incident Date/Time:** | 08/11/2021 08:05 AM | **Reported Date/Time:** | 08/11/2021 08:17 AM |
| **Incident Location:** | * CJ 3 | | |
| **Description:** | RFD 8, 18 | | |

## Violations

| | | | | | |
|---|---|---|---|---|---|
| **Seq Number:** | 1 | **Violator:** | BATISTE, WALLACE | **Violation:** | 08 Gestures / language |
| **Location:** | | | | **Requires Reclassification:** | N |
| **Seq Number:** | 2 | **Violator:** | BATISTE, WALLACE | **Violation:** | 18 Direct Order |
| **Location:** | | | | **Requires Reclassification:** | N |

## Violation Notification

| | | | |
|---|---|---|---|
| **Seq Number:** | 1 | **Violator:** | BATISTE, WALLACE |
| **Notification Type** | | **Notification Date/Time** | **Notified By** |
| RFD - Investigatory Hearing | | 08/11/2021 02:50 PM | 1732 - Robertson |
| **Seq Number:** | 2 | **Violator:** | BATISTE, WALLACE |
| **Notification Type** | | **Notification Date/Time** | **Notified By** |
| RFD - Investigatory Hearing | | 08/11/2021 02:50 PM | 1732 - Robertson |

## Narrative

Inmate Batiste, Wallace was loudly yelling and banging the plexiglass of his assigned cell door (7B-06).
He demanded that I turn the TV's on. I informed him that I was in the process of finding the remote control, but that banging on the door and making loud demands was not a good way to talk to me.

After I turned on the TV minutes later, Batiste was again banging on the door complaining that he could not hear the TV. I told him that I would turn on the in cell Audio at 8:30 since most people were still sleeping..

Batiste then yelled out profanities at me:"Motha fucka...I am sick of your shit!".....in a very loud and angry tone.

Oddly... hour later, his demeanor was calmed down. Batiste asked me, ".are we good?".

The angry unprovoked demeanor early in the day by Batiste as well as the complete disregard for his actions by asking "Are we good?" struck me as bizarre behavior.

--------TO BE OF NOTE-------    *actually Hard order*

On August 4, 2021 (per the last notation on Batiste's housing card) JBHS attempted to speak with Batiste only to be turned down by Batiste.. Batiste angrily and disrespecfully yelled at the JBHS person in the process of rejecting the offer to talk.

There have been three other documented incidents of this nature that have been noted on Batiste's housing card. by various deputies on different days. All three incidents led to Batiste benng locked in for the day with no RFD issued for his actions.

Signature: _____     Date: _____



# Incident Report

Incident: 2021-09001916

**Print Date/Time:** 08/11/2021 14:42
**Login ID:** robertson1732
**Report Template:** PRISONER NOTIFICATION OF DED

**ORI Number:**

San Francisco Sheriff
CA0380000

**Reviewed:** _____          **Date:** _____

**Medical Notified:** _____ YES _____ NO          **Date:** _____

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 20 2021

CLERK OF THE COURT
BY: CHRISTIAN SABUGO
Deputy Clerk

1

2

3

4

5

6

7

8

9

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**
Department No. 22

10

11

12

13

14

15

16

17

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | |
| **THE APPLICATION OF** | ) | **WRIT NUMBER 7579** |
| | ) | |
| **WALLACE BATISTE** | ) | |
| | ) | **ORDER** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **FOR A WRIT OF HABEAS CORPUS** | ) | |
| | ) | |
| | ) | |

18

Wallace Batiste ("Petitioner") petitions this Court for a writ of habeas corpus.

19    Petitioner argues he is entitled to a dismissal pursuant to Penal Code section 1382, as he

20    claims he has not been brought to court despite a remittitur being issued by the First District

21    Court of Appeal, which reversed his prior conviction. Nonetheless, Petitioner had counsel

22    appointed to represent him on August 2, 2021, and the Court declared a doubt as to Petitioner's

23    competency to stand trial on August 13, 2021. Penal Code section 1368 mandates that when a

24    doubt is declared, all proceedings in the criminal prosecution shall be suspended until a

25    determination has been made as to the defendant's present mental competence. (Pen. Code, §

26    1368.) Moreover, if a defendant is unable to understand the proceedings or to rationally assist

27

28

*In re Wallace Batiste*
Writ No. 7579 / Court No. SCN 224334
Page 1

**Clerk's Office**
**California Court of Appeal**
**1st Appellate District, Division 4**
**350 McAllister St.**
**San Francisco, CA 94102**
**(415) 865-7300**

November 12, 2021

Wallace Batiste, #394672
1 Moreland Dr.
San Bruno, CA 94066

Dear Wallace Batiste:

The court has directed me to return your document to you for pagination, meaning you must number all your pages for the court will know what follows what.

Further, your alleged proof of service does not show that you have served the opposing party.

Please resubmit after you have paginated every page of your document and prepared a proof of service showing you have effectuated service on the opposing party.

Thank you.

Sincerely,

(Mr.) C. Hoo
Deputy Clerk

1 counsel, counsel cannot adequately represent the defendant. (*Hale v. Superior Court* (1975) 3

2 Cal.3d 221, 228, citing *Chambers v. Municipal Court* (1974) 43 Cal.App.3d 809, 813.)

3      Ultimately, the burden falls on Petitioner to establish by a preponderance of the evidence,

4 facts demonstrating a basis for relief. (*In re Cox* (2003) 30 Cal.4th 974, 997-98; *People v.*

5 *Duvall* (1995) 9 Cal.4th 464, 474.) Here, Petitioner failed to provide sufficient facts to support a

6 claim that entitles him to relief.

7

8      For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

9 **IT IS SO ORDERED**

10

11  10/19/21

12 Date                                        Hon. Loretta Giorgi
                                             Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
*In re Wallace Batiste*
Writ No. 7579 / Court No. SCN 224334
Page 2

**IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO**

**WRIT NO. 7579**

**CERTIFICATION OF SERVICE BY MAIL**

I, THE UNDERSIGNED, CERTIFY: THAT I AM A DEPUTY CLERK OF THE SUPERIOR COURT IN THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA, AND NOT A PARTY TO THE WITHIN CAUSE; THAT ON THIS DATE I SERVED A TRUE COPY OF THE DOCUMENT AFFIXED HERETO BY DEPOSITING A COPY THEREOF, ENCLOSED IN A SEPARATE ENVELOPE, POSTAGE PREPAID, IN THE UNITED STATES MAIL, ADDRESSED TO THE PETITIONER AT THEIR ADDRESS AS SHOWN ON THE DOCUMENT(S).

**ORDER ON WRIT NO. 7579**

Wallace Batiste, SF# 394672
San Francisco County Jail 3
1 Moreland Drive
San Bruno, CA 94066

EXECUTED AT SAN FRANCISCO, CALIFORNIA ON OCTORBER 20, 2021

BY _____ DEPUTY CLERK, SUPERIOR COURT
Christian Sabugo

|/CAL=BENCH WARRANT, LD 08-24-21 REMITTUR/NP/DISPLAY=06-25-21/DOP/
|REVRSD/NB/NTW/LDTR=08-24-21/ /CONTD=TO SET JURY TRIAL/DOP/

---

S22| 06/29/2021 |HR|CONF = DENNISON/PAUL                DA = MAFFEI/PHOEBE                          ACES
|    0900    |     |DEFPRES =Y       DEFSTAT =CUST      PLEA =          NEWPLEA =        BW =
|           |     |TPHR =03/C/TS JURY TRIAL, DOP
|/CAL= TO SET JURY TRIAL, LD 08-24-21/CTORD= ORIGINAL INFORMATION REINSTATE
|D/X= ATTORNEY PAUL DENNISON MOTION TO WITHDRAW AS COUNSEL OF RECORD GRANTE
|D/CON= NEIL HALLINAN/CONTD= STATUS OF COUNSEL ON 06-30-21/CONTD= TRIAL O
|N 08-13-21/

---

S22| 06/30/2021 |HR|CONF = HALLINAN/NEIL                DA = THOMPSON/JAMES                         ACES
|    0900    |     |DEFPRES =N       DEFSTAT =CUST      PLEA =          NEWPLEA =        BW =
|           |     |WAIVEIA =        WJURY =            WRIGHTS =       WTIME =N         BAILDISP =
|           |     |TPHR =30/C/STATUS OF COUNSEL; LD 08-24
|/CAL= STATUS OF COUNSEL, LD 08-24-21/NP/DEF= REFUSED TODAY/CON= NEIL HALL
|INAN/SHER2= 06-25-21/SHER/NB/X= FUTURE DATE 08-13-21 CONFIRMED/

---

S01| 07/28/2021 |AD|1032|DEF ATTORNEY ATC MCKENZIE MOTION FILED                                     SCDF

---

S22| 07/29/2021 |HR|CONF = HALLINAN/NEIL                DA = COGAN/LESLIE                           ACES
|    0900    |     |DEFPRES =N       DEFSTAT =CUST      PLEA =          NEWPLEA =        BW =
|           |     |TPHR =30/C/ATC MCKENZIE MOT FOR DEF
|/CAL= ADD TO CALENDAR FOR DEFENSE MCKENZIE MOTION, LD 08-24-21/X= ATTORNEY
|HALLINAN IS RELIEVED AS COUNSEL OF RECORD/CONTD= APPOINTMENT OF SERIOUS C
|ONFLICT COUNSEL/DAWF/

---

S22| 07/30/2021 |HR|CONF = SENAL/JAMES                  DA = COGAN/LESLIE                           ACES
|    0900    |     |DEFPRES =N       DEFSTAT =CUST      PLEA =          NEWPLEA =        BW =
|           |     |TPHR =30/C/APNT OF SERIOUS CONFLICTS;
|/CAL= APPOINTMENT OF SERIOUS CONFLICTS, LD 08-24-21/DAWT/CON= JAMES SENAL
|/CONTD= TO SET AND FORMAL APPOINTMENT OF CONFLICT ATTORNEY/

---

S22| 08/02/2021 |HR|CONF = SENAL/JAMES                  DA = COGAN/LESLIE                           ACES
|    0900    |     |DEFPRES =Y       DEFSTAT =CUST      PLEA =          NEWPLEA =        BW =
|           |     |TPHR =30/C/APPNT OF J SENAL AS CNFLCTS
|/CAL= APPOINTMENT OF JAMES SENAL AS CONFLICTS, LD 08-21-21/X= ATTORNEY NEI
|L HALLINAN RELIEVED AS COUNSEL OF RECORD/CON= JAMES SENAL/25 CPC 4011,6
|REPORT/TEXT=CRT ORDS DEFT EXAM PURS PC 4011,6/JAIL PSY/4011,6/REP=08-13-2
|1/S22/CONTD= TRIAL AND RECEIPT OF 4011,6PC REPORT/

---

S22| 08/13/2021 |TR|CONF = SENAL/JAMES                  DA = THOMPSON/JAMES                         ACES
|    0900    |     |DEFPRES =N       DEFSTAT =CUST      PLEA =          NEWPLEA =        BW =
|/CAL=JURY TRIAL, LD 08-24-21, RECEIPT OF 4011,6 REPORT/DAWT/X=THE COURT D
|ECLARES A DOUBT AS TO COMPETENCY/X=THE TRIAL AND LAST DAY ARE VACATED/CPS
|S/CONTD=PC1368 PROCEEDINGS/

---

M14| 08/16/2021 |HR|CONF = SENAL/JAMES                  DA = TALAI/OMID                             ACES
|    0900    |     |DEFPRES =N       DEFSTAT =CUST      PLEA =          NEWPLEA =        BW =
|           |     |TPHR =30/C/PC1368 PROCEEDINGS
|/CAL=PC 1368 DECLARATION OF A DOUBT/NP/X=THE COURT DECLARES A DOUBT AS TO
|DEFENDANT'S COMPETENCY IN DEPARTMENT 220N 08-13-21 AND DEFENSE COUNSEL JOI
|NS IN THAT DOUBT,/11 CPC 1369 RPT;/PSYFEE=PC1369/JAIL MED/1369INIC/DRJL
|G/D/1369ORD/1369ORD1/1369ORD2/1369ORD3/PSYORD/PSYORD1/DEFTCUST=COJ3/DEF
|TATTY= JIM SENAL, 646 24TH AVE, SF CA 94121, 415 999-4642/DEPT 14=09-15-21
|/COPIES=415-551-0314, FAX 415-551-8084 OR 415-551-8085/CONTD=PC 1369 REPOR
|T FROM DR, GOULD/

---

M14| 09/15/2021 |HR|CONF = SENAL/JAMES                  DA = GARCIA/DIANA                           ACES
|    0900    |     |DEFPRES =N       DEFSTAT =CUST      PLEA =          NEWPLEA =        BW =
|           |     |TPHR =30/C/PC 1369 RPT FROM DR GOULD
|           |     |HEARFIND =16 DEFENDENT FOUND INCOMPETENT

S01 | 08/14/2020 |AD|1149|DEF NOTICE OF FELONY APPEAL FILED                                SCFA

S23 | 08/24/2020 |HR|                                                                      ACES
|   0900   |   |DEFPRES =N        DEFSTAT =CUST         PLEA =         NEWPLEA =      BW =
|          |   |TPHR =30/C/STATUS OF RELEASE, DOPU
|/CAL=STATUS OF RELEASE/DAWT/PPRFCOMP/CONT/X=DEFENDANT'S APPEARANCE IS WA
|IVED IF OUT OF CUSTODY, IF STILL IN CUSTODY, HE IS ORDERED PRESENT,/

S01 | 08/26/2020 |AD|1430|FELONY PLEA TX FILED (STATE PRISON) (PD & DA TX GIVEN TO D23)     SCDA

S23 | 08/27/2020 |HR|                                                                      ACES
|   0900   |   |DEFPRES =Y        DEFSTAT =CUST         PLEA =         NEWPLEA =      BW =
|          |   |TPHR =30/C/STATUS OF RELEASE, DOPU
|/CAL=STATUS OF RELEASE/X=OUTSIDE THE PRESENCE OF ADA, MICHELLE BRASS, THE
|COURT CONDUCTS AN IN CAMERA HEARING FOR MARSDEN MOTION,/X=MARSDEN MOTION I
|S DENIED, AS IS REQUEST TO APPOINT CO-COUNSEL IN THIS MATTER,/CTORD=MARSDE
|N PROCEEDINGS SEALED/CONT/DOPU=OUT OF CUSTODY/

S01 | 08/31/2020 |AD|1500|PRELIMINARY HEARING TRANSCRIPTS FILED                             SCNB

S23 | 09/10/2020 |HR|                                                                      ACES
|   0900   |   |DEFPRES =N        DEFSTAT =CUST         PLEA =         NEWPLEA =      BW =
|          |   |TPHR =30/C/STATUS OF RELEASE, DOPU
|/CAL STATUS OF RELEASE/NP/X PER BAILIFF, DEFENDANT REFUSED TO COME TO COU
|T,/CONT/DOPC/

S23 | 09/18/2020 |HR|                                                                      ACES
|   0900   |   |DEFPRES =N        DEFSTAT =CUST         PLEA =         NEWPLEA =      BW =
|          |   |TPHR =30/C/STATUS OF RELEASE, DOPC
|/CAL=STATUS OF RELEASE/NP/X=PER BAILIFF, DEFENDANT REFUSED TO COME TO COUR
|T TODAY,/X=DEFENSE COUNSEL'S REQUEST TO WITHDRAW AS COUNSEL IN THIS MATTER
|IS DENIED AT THIS TIME,/CONT/DOPC/

S23 | 09/28/2020 |HR|                                                                      ACES
|   0900   |   |DEFPRES =Y        DEFSTAT =CUST         PLEA =         NEWPLEA =      BW =
|          |   |TPHR =30/C/STATUS, DOPC
|          |   |HEARFIND =37/OFF CALENDAR
|/CAL=STATUS/CTORD=MATTER OFF CALENDAR FOR THE FOLLOWING REASON=DEFENDANT I
|S OUT OF CUSTODY/

S01 | 06/07/2021 |AD|1600|REMITTITUR FILED - JUDGMENT REVERSED AND REMANDED                 SCED

S23 | 06/14/2021 |HR|CONF = DENNISON/PAUL                 DA = MACBETH/ALLISON             ACES
|   0900   |   |DEFPRES =Y        DEFSTAT =CUST         PLEA =         NEWPLEA =      BW =
|          |   |TPHR =30/C/HRG TO READ REMITTITUR ONTO
|/CAL=HEARING TO READ REMITTITUR ONTO RECORD/CON=PAUL DENNISON/X=THE COURT
|ORDERS THE REMITTITUR SPREAD ACROSS THE MINUTES,/X=LAST DAY FOR WITHDRAWA
|L OF PLEA IS 07-01-21/CONTD=STATUS OF REMITTITUR/DOP/

S23 | 06/17/2021 |HR|CONF = DENNISON/PAUL                 DA = MACBETH/ALLISON             ACES
|   0900   |   |DEFPRES =N        DEFSTAT =CUST         PLEA =         NEWPLEA =      BW =
|          |   |TPHR =30/C/STATUS OF REMITTITUR, DOP
|          |   |HEARFIND =07/CONTINUED TO NEW DATE
|/CAL=STATUS OF REMITTITUR AND POSSIBLE REVERSAL OF JUDGMENT/X=LAST DAY FOR
|PLEA WITHDRAWAL IS 07-01-21,/CONTD PROC RE BW;/TEXT=BENCH WARRANT STAYED A
|ND CONT'D/NP/X= NO APPEARANCE BY DEFENDANT; A BENCH WARRANT IS ORDERED AN
|D STAYED TO 06-25-21/X= NO BAIL/CONTD=BENCH WARRANT STAY/DOPC/

S23 | 06/25/2021 |HR|CONF = DENNISON/PAUL                 DA = MACBETH/ALLISON             ACES
|   0900   |   |DEFPRES =Y        DEFSTAT =CUST         PLEA =         NEWPLEA =      BW =
|          |   |WAIVEIA =         WJURY =               WRIGHTS =      WTIME =N    BAILDISP =
|          |   |TPHR =12/X/PROC RE BW STAY ON 06-25

|/CAL=PC 1369                                         Query - PRINT
|= DEFT IS REFD TO CONREP FOR EVALUATION PURS 1370(A)(2)(A)/

---

M14| 10/13/2021 |HR|CONF = SENAL/JAMES              DA = GARCIA/DIANA              ACES
   |   0900    |  |DEFPRES =N     DEFSTAT =CUST    PLEA =        NEWPLEA =    BW =
   |           |  |TPHR =11/C/CONREP PLACEMENT REPORT
|/CAL=CONREP PLACEMENT REPORT/NP/X=THE COURT HAS NOT YET RECEIVED A REPORT
|,/CONTD=CONREP PLACEMENT REPORT/CONREP SF/DEPT 14= 10-25-21/COPIES= (41
|5) 551-0314/X=THE FAX NUMBERS ARE (415) 551-8084 AND (415) 551-8085,/X=TH
|E E-MAIL ADDRESS IS MHC AT SFTC,ORG,/

---

M14| 10/25/2021 |HR|CONF = SENAL/JAMES              DA = MENESINI/MICHAEL          ACES
   |   0900    |  |DEFPRES =N     DEFSTAT =CUST    PLEA =        NEWPLEA =    BW =
   |           |  |TPHR =11/F/CONREP PLACEMENT REPORT
   |           |  |HEARFIND =46/DEFENDENT FOUND INCOMPETENT
|/CAL=CONREP PLACEMENT REPORT/NP/11 XPC 1370 PROG REPORT/1370COM1/X=SUB
|MITTED ON THE MEDICAL REPORT; THE COURT COMMITS THE DEFENDANT TO THE CALIFO
|RNIA DEPARTMENT OF STATE HOSPITALS,/X=THE LOVETON DATE IS 12-27-21,/X=MAX
|IMUM COMMITMENT DOES NOT EXCEED TWO YEARS,/CPSSCOM/SHERCOM/1370COM4/1370M
|ED/X=DEFENDANT HAS BEEN FOUND TO BE A DANGER TO SELF AND OTHERS,/JAIL PSY
|/COTND=MARSDEN HEARING ON 11-17-21/CONTD=STATUS OF TRANSPORT ON 11-29-21/

---

M14| 11/17/2021 |HR|CONF = SENAL/JAMES              DA = GARCIA/DIANA              ACES
   |   0900    |  |DEFPRES =N     DEFSTAT =CUST    PLEA =        NEWPLEA =    BW =
   |           |  |TPHR =11/X/MARSDEN HEARING
|/CAL=MARSDEN HEARING/NP/X=MARSDEN MOTION IS DENIED,/X=THE 11-29-21 STATU
|S OF TRANSPORT DATE IS CONFIRMED/

---

M14| 11/29/2021 |HR|CONF = SENAL/JAMES              DA = TALAI/OMID                ACES
   |   0900    |  |DEFPRES =N     DEFSTAT =CUST    PLEA =        NEWPLEA =    BW =
   |           |  |TPHR =11/X/STATUS OF TRANSPORT
|/CAL=STATUS OF TRANSPORT/NP/X=COURT ORDERS THAT THE DEPARTMENT OF STATE H
|OSPITALS PROVIDE STATUS AS TOWAITLIST PLACEMENT FOR ADMISSION TO DSH BY 12-
|29-21,/CONTD=STATUS OF TRANSPORT AND STATUS OF STATUS OF WAITLIST/DEPT 14
|=12-29-21/

---

M14| 12/29/2021 |HR|CONF = SENAL/JAMES              DA = GARCIA/DIANA              ACES
   |   0900    |  |DEFPRES =N     DEFSTAT =CUST    PLEA =        NEWPLEA =    BW =
   |           |  |TPHR =11/X/STATUS OF TRANSPORT &
|/CAL=STATUS OF TRANSPORT AND STATUS OF PLACEMENT/DAWT/X=THE COURT HAS NOT
|RECEIVED AN UPDATE FROM DSH,/CTORD=CHRISTINE M, CICCOTTI, ESQ, TO APPEAR B
|EFORE THIS COURT/OSC1=JANUARY 26, 2022 AT 900 AM IN DEPARTMENT 14/X=DEPAR
|TMENT OF STATE HOSPITALS, 1215 'O' STREET, MS5, SACRAMENTO, CA 95814, FAX (
|916) 651-5661/CONTD=ORDER TO SHOW CAUSE ON STATUS OF TRANSPORT AND STATUS
|OF PLACEMENT/

---

M14| 01/12/2022 |HR|CONF = SENAL/JAMES              DA = GARCIA/DIANA              ACES
   |   0900    |  |DEFPRES =N     DEFSTAT =CUST    PLEA =        NEWPLEA =    BW =
   |           |  |TPHR =30/C/DEF REQ ADD TO CALENDAR
|/CAL=DEF REQ ADD TO CALENDAR/DAWT/X=THE COURT RE-ISSUES THE FOLLOWING ORDE
|R,/CTORD=THE SHERIFF IS TO TRANSPORT THE DEFENDANT TO THE DEPARTMENT OF ST
|ATEHOSPITALS WHEN NOTICE IS RECEIVED THAT A BED IS AVAILABLE/X=THE HEARING
|DATE OF 01-26-22 IS CONFIRMED,/

---

S01| 01/25/2022 |AD|1155|DSH RESPONSE TO ORDER TO SHOW CAUSE & REQ FOR EXTENSION OF TIME FILED              SCOB

---

M14| 01/26/2022 |HR|CONF = SENAL/JAMES              DA = TALAI/OMID                ACES
   |   0900    |  |DEFPRES =N     DEFSTAT =CUST    PLEA =        NEWPLEA =    BW =
   |           |  |TPHR =11/X/STATUS OF TRANSPORT AND
|/CAL=STATUS OF TRANSPORT & ORDER TO SHOW CAUSE/DAWT/X=GREGORY YEP IS APPEA
|RING ON BEHALF OF THE DEPARTMENT OF STATE HOSPITALS/MAS/X=ORDER TO SHOW CAU
|SE IS VACATED UNTIL PSY X=THE COURT IS REQUESTING AN AUDIT REPORT REGARDIN

|G THE DEFENDANT'S MENTAL ILLNESS/REP=02-14-22/S14/CONTD=ACUITY REPORT/CON
|TD-STATUS OF TRANSPORT/

---

M14/ 02/14/2022 |HR|CONF = SENAL/JAMES                    DA = TALAI/OMID                              ACES.
|    0900    |    |DEFPRES =N      DEFSTAT =CUST      PLEA =        NEWPLEA =        BW =
|           |    |TPHR =11/X/RECEIPT OF ACUITY RPT
|/CAL=RECEIPT OF ACUITY RPT/DAWT/X=REPORT DATED 02-08-22 RECEIVED BY THE CO
|URT,/DEF=DOES NOT MEET DSH CRITERIA FOR ACUITY REVIEW,/JAIL PSY/CONTD=ST
|ATUS OF PLACEMENT/

---

/14 | 03/07/2022 |HR|CONF = SENAL/JAMES                    DA = TALAI/OMID                              ACES
|    0900    |    |DEFPRES =N      DEFSTAT =CUST      PLEA =        NEWPLEA =        BW =
|           |    |TPHR =11/X/STATUS OF TRANSPORT
|/CAL=STATUS OF TRANSPORT/DAWT/VD=3-14-22 DATE/CONTD=STATUS OF PLACEMENT/

---

8715 - REPORT NO =15013868-12                    8715 DATE =08/14/2020

---

***** END OF REPORT *****


**Disability
Rights
California**
*California's protection & advocacy system*

**California Office of Patients' Rights**
Department of State Hospitals – Napa
2100 Napa-Vallejo Highway
Napa, CA 94558
Tel: (707) 255-2680   Fax: (916) 678-5394
Toll Free: (866) 438-1125
coprinforequest@disabilityrightsca.org
DRC Website: www.disabilityrightsca.org

---

# MEMORANDUM

TO:     Wallace Batiste (N217374-8)
        Unit Q-9

FROM:   Stephany Borja, Advocate

RE:     SR# 1205887

DATE:   July 19, 2022

This memorandum is in response to your written complaint dated 6/21/2022 and received 6/29/2022 regarding medication side effects.

In your complaint you explained that you were transported to Napa State Hospital without examination by a psychiatric doctor and you are being forced to take medication.

I spoke with you over the phone on 7/6/22 about this complaint and at that time you shared that you haven't been on medication for 9 years and the medication that you are taking has fatal side effects. Additionally, you said that you are suing Napa State hospital and you need records of how you got to the hospital.

Currently, you are placed at Napa State Hospital under Penal Code 1370 Incompetent to Stand Trial Commitment. You are here to receive treatment for your mental illness, with the focus of treatment being to help you regain trial competency and return to court.

It may be a good idea for you to talk to your treatment team to discuss any questions about your placement here, as well as the expectations they have for you to complete the program. If you are unsure about what your treatment plan is you may want to ask your treatment team for a copy. Also, you may want to talk to your attorney if you have questions about your court case and to request the court documents that you mentioned. Below is the contact information for the San Francisco County Public Defender's office.



San Francisco Public Defender's Office
555 7th Street
San Francisco, CA 94103
(415) 553-1671

As part of our advocacy, we learned that you currently have an Involuntary Medication Order from court that is valid through 10/25/2022. This means that you do not have the right to refuse psychotropic medications. If your medications are making you feel sick or you are experiencing any side effects, you may want to ask staff to put your name on the sick call list so you can speak with your doctor. Your doctor may be able to adjust your medication or prescribe medication that may help with the side effects. If you disagree with the medications or dosages your doctor is prescribing, you can also ask for a second opinion from a different doctor. To ask for a second opinion, you can fill out a general request form asking for the second opinion of another doctor.

I hope you find this information helpful.

If this memo or the actions taken by this office did not meet your needs, you can file an appeal with the Hospital Executive Director (ED).  The appeal must be sent to the ED within 10 days after you get this memo.   Include your original complaint and this memo when asking for an appeal. Once the ED gets your appeal request, they have 15 working days to answer you.

EXHIBIT 1-6

## San Francisco Criminal Court
### Minute Order

| | | | |
|---|---|---|---|
| **Case Title** | The People v. JACKSON | **Department** | Department 14 |
| **Case Number** | CRI-15013868 | **Judge** | Russ Roeca |
| **Hearing Type** | PC 1370 Mental Competence Hearing | **Hearing Date** | 08-03-2022 09:00 AM |

| | | |
|---|---|---|
| **Clerk** | **Court Reporter** | L. Forster |
| **Interpreter** | **Court Officer** | |

**Appearance**    The People of the State of California (Plaintiff) present.
JAMES SENAL (Attorney) present on behalf of WALLACE BATISTE (Defendant).

**Text**    Sandra Scott, Deputy Court Clerk, III

**Text**    Defendant's appearance is waived today.

**Add Special Appearance**    DIANA GARCIA making special appearance for San Francisco District Attorney's Office.

**Text**    The Court has read and considered the report.

**Text**    Defense attorney makes an oral request for continuance so that he can speak with the defendant.

**Hearing**    Case continued to 08/22/2022 9:00 AM in Department 14 for Mental Health Case Hearing.

**Hearing Status**    Status for This Hearing set to Occurred

## San Francisco Criminal Court
## Minute Order

*Exhibit 2-6*

| Case Title | The People v. BATISTE | Department | Department 14 |
|---|---|---|---|
| Case Number | CRI-15013868 | Judge | Russ Roeca |
| Hearing Type | Mental Health Case Hearing | Hearing Date | 08-22-2022 09:00 AM |

| Clerk | | Court Reporter | L. Forster |
|---|---|---|---|
| Interpreter | | Court Officer | |

| | |
|---|---|
| **Appearance** | The People of the State of California (Plaintiff) present. WALLACE BATISTE (Defendant) present. JAMES SENAL (Attorney) present. |
| **Text** | Sandra Scott, Deputy Court Clerk III |
| **Add Special Appearance** | MICHAEL MENESINI making special appearance for San Francisco District Attorney's Office. |
| **Text** | Defendant makes an oral request for a marsden motion. |
| **Text** | Court conducts a confidential hearing. |
| **Text** | Matter is argued and submitted. |
| **Text** | Motion denied. |
| **Text** | Court asks the defendant to wait for Dr. Jeko's evaluation to be completed. If the report is not favorable, the defendant can request another marsden motion. |
| **Hearing** | Case continued to 09/12/2022 1:30 PM in Department 14 for Request to Release Subpoenaed Records. |
| **Hearing Status** | Status for This Hearing set to Occurred |

# San Francisco Criminal Court
## Minute Order



| Case Title | The People v. BATISTE | Department | Department 14 |
|---|---|---|---|
| Case Number | CRI-15013868 | Judge | Michael B McNaughton |
| Hearing Type | Request to Release Subpoenaed Records | Hearing Date | 09-12-2022 01:30 PM |

| Clerk | S. Scott | Court Reporter | L. Forster |
|---|---|---|---|
| Interpreter | | Court Officer | |

**Appearance**  The People of the State of California (Plaintiff) present.
JAMES SENAL (Attorney) present on behalf of WALLACE BATISTE (Defendant).

**Text**  Defendant's appearance is waived today.

**Add Special Appearance**  MICHAEL MENESINI making special appearance for San Francisco District Attorney's Office.

**Filing**  Counsel stipulate the subpoenaed records, from the Dept. of State Hospitals and JPS, may be released to JAMES SENAL On Behalf of WALLACE BATISTE.

**Text**  People stipulate to the chain of custody.

**Hearing**  Case continued to 10/24/2022 9:00 AM in Department 14 for To Set Competency (PC 1372).

**Hearing Status**  Status for This Hearing set to Occurred



# San Francisco Criminal Court
## Minute Order

| | | | |
|---|---|---|---|
| **Case Title** | The People v. BATISTE | **Department** | Department 14 |
| **Case Number** | CRI-15013868 | **Judge** | Russ Roeca |
| **Hearing Type** | To Set Competency (PC 1372) | **Hearing Date** | 10-24-2022 09:00 AM |

| | | | |
|---|---|---|---|
| **Clerk** | S. Scott | **Court Reporter** | L. Forster |
| **Interpreter** | | **Court Officer** | |

| | |
|---|---|
| **Appearance** | The People of the State of California (Plaintiff) present. JAMES SENAL (Attorney) present on behalf of WALLACE BATISTE (Defendant). |
| **Text** | Defendant's appearance is waived today. |
| **Add Special Appearance** | ASHA JAMESON making special appearance for San Francisco District Attorney's Office. |
| **Text** | Defense attorney has received the report from Dr. Jeko. Defense attorney has not yet shared the report with the People. |
| **Text** | Defense attorney makes an oral request for continuance. Request granted. |
| **Hearing** | Case continued to 10/31/2022 9:00 AM in Department 14 for Mental Health Case Hearing. |
| **Hearing Status** | Status for This Hearing set to Occurred |

# San Francisco Criminal Court
## Minute Order

*Exhibit 5-6* 

| | | | |
|---|---|---|---|
| **Case Title** | The People v. BATISTE. | **Department** | Department 14 |
| **Case Number** | CRi-15013868 | **Judge** | Russ Roeca |
| **Hearing Type** | Mental Health Case Hearing | **Hearing Date** | 10-31-2022 09:00 AM |

| | | | |
|---|---|---|---|
| **Clerk** | S. Scott | **Court Reporter** | L. Forster |
| **Interpreter** | | **Court Officer** | |

**Appearance**    The People of the State of California (Plaintiff) present.
JAMES SENAL (Attorney) present on behalf of WALLACE BATISTE (Defendant).

**Text**    Defendant's appearance is waived today.

**Add Special Appearance**    DIANA GARCIA making special appearance for San Francisco District Attorney's Office.

**Text**    Defense attorney returns the previously released medical records to the court.

**Text**    The Court has read and considered the report.

**Text**    The parties submit on the report. The report dated 10/23/22 comes in evidence. Based on the evidence, the Court finds the defendant is not competent to stand trial at this time.

**Text**    Criminal proceedings remain suspended.

**Text**    Pursuant to Penal Code Section 1370(a)(2)(A), Court appoints Golden Gate Conditional Release Program to evaluate the defendant and submit to the Court within 15 judicial days of the order a written recommendation as to whether the defendant should be required to undergo outpatient treatment or committed to a state hospital or to any other treatment facility.

**Text**    Natalie Pigliucci, PsyD
Community Program Director
California CONREP Program/ MHM Services, Inc.
MHM Golden Gate CONREP
Phone: (415) 416-6992 Fax: (415) 874-9615
Email: npigliiucci@mhm-services.com

**Text**    After hearing, the Court makes findings pursuant to PC 1370(a)(2)(ii)(I). The Court orders that the treatment facility may involuntarily administer psychotropic medication to the defendant when and as prescribed by the defendant's treating psychiatrist.

**Text**    The defendant is in custody at COJ3.

**Text**    Please submit one original report to the court. Deputy Clerk's telephone: (415) 551-0314, fax (415) 551-8084 or (415) 551-8085, court's email address: mhc@sftc.org.

**Hearing**    Case continued to 11/28/2022 9:00 AM in Department 14 for Mental Health Court Placement Recommendation Report.

**Add Hearing Outcome**    Outcome(s) of the current hearing recorded as Defendant Found Incompetent.

**Hearing Status**    Status for This Hearing set to Occurred

```
|      |          |   |DEFPRES=N DEFSTAT=XXXX  PLEA=  NEWPLEA=   BW=
| 0900 |          |
|      |          |   |TPHR=11/F/PC 1370 Mental Competence Hearing
|Minute Order
```

---

```
S01|08032022|AD |0930|
Minute Order Minute Order
```

---

```
014|08222022|HR  |CONF = SENAL/JAMES        DA = LOPEZ/DIEGO              JCRT
|  0900  |        |DEFPRES=Y DEFSTAT=xxxx  PLEA=  NEWPLEA=  BW=
|        |        |TPHR=11/X/Mental Health Case Hearing
|Minute Order
```

---

```
S01|08222022|AD |1156|
Minute Order Minute Order
```

---

```
S01|09122022|AD |1127|
Minute Order
```

---

```
018|09122022|HR  |CONF = SENAL/JAMES        DA = LOPEZ/DIEGO              JCRT
|  1330  |        |DEFPRES=N DEFSTAT=xxxx  PLEA=  NEWPLEA=  BW=
|        |        |TPHR=30/C/Request to Release Subpoenaed Records
|Minute Order
|Order Releasing Subpoena Duces Tecum Records
```

---

```
S01|09122022|AD |1330|Order Releasing Subpoena Duces Tecum Records
```

---

```
014|10242022|HR  |CONF = SENAL/JAMES        DA = LOPEZ/DIEGO              JCRT
|  0900  |        |DEFPRES=N DEFSTAT=xxxx  PLEA=  NEWPLEA=  BW=
|        |        |TPHR=30/C/To Set Competency (PC 1372)
Minute Order
```

---

```
S01|10242022|AD |1440|
Minute Order
```

---

```
014|10312022|HR  |CONF = SENAL/JAMES        DA = LOPEZ/DIEGO              JCRT
|  0900  |        |DEFPRES=N DEFSTAT=xxxx  PLEA=  NEWPLEA=  BW=
|        |        |TPHR=11/X/Mental Health Case Hearing
|        |        |HEARFIND=46/DEFENDANT FOUND INCOMPETENT
Minute Order
```

---

```
S01|10312022|AD |1207|
Minute Order
```

---

```
8715 REPORT NO=15013868-12 8715 DATE= 08142020
```

*Exhibit 1-2.*

# James F. Senal

*Attorney at Law*
646 Twenty Fourth Avenue
San Francisco, California 94121
*(415) 995-4642 ◊ (650) 529-9229*

Monday, October 31, 2022

Wallace Batiste (S.F. No. 394672)
San Francisco County Jail No. 3
P.O. Box 67
San Bruno, California 94066

     Re:    People v. Wallace Batiste, San Francisco Superior Court Case No. 1535678

Dear Mr. Batiste:

     I wanted to take this opportunity to let you know what happened in court today since the Sheriff did not transport you. The court accepted a report form Dr. Lisa Jeko that found you to be incompetent to stand trial, largely because you have not taken your psychiatric medication since your return from Napa State Hospital. Accordingly, the court set a placement report hearing on calendar for November 28, 2022, in Department 14.

     Mr. Batiste, whether you are sent back to Napa State Hospital, or to another facility until you are again restored to competency, I urge you to take the psychiatric medication prescribed to you when you return.

     If you have ve any questions about the contents of this letter, or if you would like to discuss any aspect of your case, I urge you to call me. I can best be reached any weekday afternoon at (650) 529-9229.

                          Sincerely,

                          James F. Senal

L221031A.wpd

EXHIBIT 7-1

# James F. Senal

*Attorney at Law*
646 Twenty Fourth Avenue
San Francisco, California 94121
*(415) 995-4642 ◊ (650) 529-9229*

Monday, November 28, 2022

Wallace Batiste (S.F. No. 394672)
San Francisco County Jail No. 3
P.O. Box 67
San Bruno, California 94066

Re:    People v. Wallace Batiste, San Francisco Superior Court Case No. 1535678

Dear Mr. Batiste:

I again wanted to take this opportunity to let you know what happened in court this morning since the Sheriff did not transport you. The court received a report from CONREP recommending that you be placed with the Department of State Hospitals pending restoration of competency. Though not guaranteed, this likely means that you will be going back to Napa State Hospital. The court also set another court date on January 4, 2023, for a status of transportation to the state hospital, with a (theoretical) last day of January 30, 2023.

Mr. Batiste, I want to say again, whether you are sent back to Napa State Hospital, or to another facility until you are again restored to competency, I urge you to take the psychiatric medication prescribed to you when you return.

If you have ve any questions about the contents of this letter, or if you would like to discuss any aspect of your case, I urge you to call me. I can best be reached any weekday afternoon at (650) 529-9229.

Sincerely,

James F. Senal

L221128A.wpd

Wallace Batiste
March 9, 2022
Page 2

lawyer complained of, the case number assigned, and your telephone number including the area code. We should return your call within two business days.

If you are not aware of new facts or circumstances but otherwise disagree with the decision to close your complaint, you may submit a request for review by the State Bar's Complaint Review Unit, which will review your complaint and the Intake Unit's decision to close the complaint. The Complaint Review Unit may reopen your complaint if it determines that your complaint was inappropriately closed or that you presented new, significant evidence to support your complaint. To request review by the Complaint Review Unit, you must submit your request **in writing**, together with any new evidence you wish to be considered, post-marked within **90 days of the date of this letter**, to:

> The State Bar of California
> Complaint Review Unit
> Office of General Counsel
> 180 Howard Street
> San Francisco, CA 94105-1617

The State Bar cannot give you legal advice. If you wish to consult an attorney about any other remedies available to you, a certified lawyer referral service can provide the names of attorneys who may be able to assist you. In order to find a certified lawyer referral service, you may call our automated Lawyer Referral Services Directory at 1-866-442-2529 (toll free in California) or 415-538-2250 (from outside California) or access the State Bar's website at www.calbar.ca.gov and look for information on lawyer referral services.

We would appreciate if you would complete a short, anonymous survey about your experience with filing your complaint. While your responses to the survey will not change the outcome of the complaint you filed against the attorney, the State Bar will use your answers to help improve the services we provide to the public. The survey can be found at http://bit.ly/StateBarSurvey1.

Due to the COVID-19 pandemic, most State Bar staff are telecommuting. If possible, please send your response to this letter, and any further communication directed to the State Bar, using email in lieu of regular mail. My email address is roy.kim@calbar.ca.gov.

///

**Wallace Batiste**
**March 9, 2022**
**Page 3**

Thank you for bringing your concerns to the attention of the State Bar.

Sincerely,

**Roy Kim**
**Deputy Trial Counsel**





**The State Bar**
*of California*

**OFFICE OF CHIEF TRIAL COUNSEL**

845 S. Figueroa Street, Los Angeles, CA 90017          213-765-1616          roy.kim@calbar.ca.gov

March 9, 2022

Wallace Batiste, #394672
1 Moreland Dr.
San Bruno, CA 94066

RE:   **Case Number:**      **22-O-02605**
      **Respondent:**       **James Frederick Senal**

Dear Wallace Batiste:

The State Bar's Office of Chief Trial Counsel has reviewed your complaint against James Frederick Senal to determine whether there are sufficient grounds to prosecute a possible violation of the State Bar Act and/or Rules of Professional Conduct.

You stated that Mr. Senal was appointed to represent you in your criminal matter. However, you stated that you are seeking to remove him as your attorney claiming a conflict of interest involving the Department of Justice. You stated the court has denied your request to remove Mr. Senal as counsel.

Based on our evaluation of the information provided, we are closing your complaint. In order to investigate allegations of attorney misconduct, the State Bar needs specific facts which, if proved, would establish a violation of the attorney's ethical duties. Conclusions based on speculation and not supported by facts are insufficient to warrant investigation. In this instance, although you generally allege Mr. Senal has a conflict of interest, you have not provided specific information supporting your contentions. We have determined that your complaint does not present sufficient facts to support an investigation.

For these reasons, the State Bar is closing this matter.

If you have new facts and circumstances that you believe may change our determination to close your complaint, you may submit a written statement with the new information to the Intake Unit for review. If you have any questions about this process, you may call Deputy Trial Counsel Roy Kim at 213-765-1616. If you leave a voice message, be sure to clearly identify the

San Francisco Office
180 Howard Street
San Francisco, CA 94105                    www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017



**The State Bar**
*of California*

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

CRU@calbar.ca.gov
415-538-2575

**Personal and Confidential**

**Complaint Review Unit**

December 29, 2022

Wallace Batiste #394672
1 Moreland Dr
San Bruno CA 94066

RE:  Case No.:     22-O-02605
     Respondent(s):  James Frederick Senal

Dear Wallace Batiste:

The Complaint Review Unit received your correspondence on April 12, 2022, requesting reconsideration of the decision to close your complaint. An attorney reviewed all the information provided and has determined that there is not a sufficient basis to recommend reopening your complaint.

The Complaint Review Unit will recommend reopening a complaint when there is significant new evidence or when we determine there is good cause to recommend that the matter be reopened. The State Bar Court is authorized to impose or recommend disciplinary sanctions only if there is clear and convincing evidence to establish that the attorney has committed a violation of the Rules of Professional Conduct or the State Bar Act. Therefore, the Complaint Review Unit will not recommend that a matter be reopened unless there is a reasonable possibility that a disciplinary violation can be proven by clear and convincing evidence.

By letter dated March 9, 2022, the Office of Chief Trial Counsel ("OCTC") closed your complaint against attorney James Frederick Senal ("Attorney"). In its closing letter, OCTC described your complaint and its closing decision in detail:

> The State Bar's Office of Chief Trial Counsel has reviewed your complaint against James Frederick Senal to determine whether there are sufficient grounds to prosecute a possible violation of the State Bar Act and/or Rules of Professional Conduct.
>
> You stated that Mr. Senal was appointed to represent you in your criminal matter. However, you stated that you are seeking to remove him as your attorney claiming a conflict of interest

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

*Exhibit D*

December 29, 2022
Case No.: 22-O-02605
Page 2

involving the Department of Justice. You stated the court has denied your request to remove Mr. Senal as counsel.

Based on our evaluation of the information provided, we are closing your complaint. In order to investigate allegations of attorney misconduct, the State Bar needs specific facts which, if proved, would establish a violation of the attorney's ethical duties. Conclusions based on speculation and not supported by facts are insufficient to warrant investigation. In this instance, although you generally allege Mr. Senal has a conflict of interest, you have not provided specific information supporting your contentions. We have determined that your complaint does not present sufficient facts to support an investigation.

For these reasons, the State Bar is closing this matter.

You request to review the closing of your complaint by the Complaint Review Unit was received by the CRU on April 12, 2022. We have reviewed the file and concluded that OCTC properly closed the complaint for the reasons set forth in its closing letter.

Your request is based on your assertion that Attorney Senal, who was appointed to represent you in a criminal matter, was not qualified to represent you due to a conflict of interest and that you were seeking to remove him as a result of this conflict. We reviewed your complaint and other materials. We agree with the conclusion of the OCTC, that Attorney Senal's conduct does not amount to professional misconduct, in that you did not present specific facts of wrongdoing on his part. General allegations of a conflict of interest are merely speculations based on conclusions, as such, the State Bar cannot ascertain the merit of your claim.

Accordingly, having received no new material evidence and finding no good cause, we are without a sufficient basis to recommend that your complaints be reopened.

If you disagree with this decision, you may file an accusation against the attorney with the California Supreme Court. A copy of the applicable rule is enclosed. (See Rule 9.13, subsections (d) through (f), California Rules of Court.) If you choose to file an accusation, you must do so **within 60 days of the date of the mailing of this letter**. Together with your accusation, you should provide the Supreme Court (1) a copy of this letter and (2) a copy of the original closing letter from the Office of Chief Trial Counsel.

The State Bar cannot give you legal advice or representation. If you have not already done so, you may wish to consult with an attorney for advice regarding any other remedies which may be available to you. Attorneys can be located by contacting a lawyer referral service certified by the State Bar in your area. You may obtain a list of State Bar certified lawyer referral services by calling the State Bar at 866-442-2529 or by visiting the State Bar website at:

*Exhibit/D1*

## Rule 9.13. Review of State Bar Court decisions

### (a)    Review of recommendation of disbarment or suspension

A petition to the Supreme Court by a member to review a decision of the State Bar Court recommending his or her disbarment or suspension from practice must be filed within 60 days after a certified copy of the decision complained of is filed with the Clerk of the Supreme Court. The State Bar may serve and file an answer to the petition within 15 days of service of the petition. Within 5 days after service of the answer, the petitioner may serve and file a reply. If review is ordered by the Supreme Court, the State Bar must serve and file a supplemental brief within 45 days after the order is filed. Within 15 days of service of the supplemental brief, the petitioner may serve and file a reply brief.

*(Subd (a) amended effective January 1, 2007; previously relettered and amended effective October 1, 1973; previously amended effective July 1, 1968, and December 1, 1990.)*

### (b)    Review of State Bar recommendation to set aside stay of suspension or modify probation

A petition to the Supreme Court by a member to review a recommendation of the State Bar Court that a stay of an order of suspension be set aside or that the duration or conditions of probation be modified on account of a violation of probation must be filed within 15 days after a certified copy of the recommendation complained of is filed with the Clerk of the Supreme Court. Within 15 days after service of the petition, the State Bar may serve and file an answer. Within 5 days after service of the answer, the petitioner may serve and file a reply.

*(Subd (b) amended effective January 1, 2007; adopted effective October 1, 1973; previously amended effective December 1, 1990.)*

### (c)    Review of interim decisions

A petition to the Supreme Court by a member to review a decision of the State Bar Court regarding interim suspension, the exercise of powers delegated by rule 9.10(b)-(e), or another interlocutory matter must be filed within 15 days after written notice of the adverse decision of the State Bar Court is mailed by the State Bar to the petitioner and to his or her counsel of record, if any, at their respective addresses under section 6002.1. Within 15 days after service of the petition, the State Bar may serve and file an answer. Within 5 days after service of the answer, the petitioner may serve and file a reply.

*(Subd (c) amended effective .January 1, 2007; adopted effective December 1, 1990.)*

### (d)    Review of other decisions

A petition to the Supreme Court to review any other decision of the State Bar Court or action of the Board of Governors of the State Bar, or of any board or committee appointed by it and authorized to make a determination under the provisions of the State Bar Act, or of the chief executive officer of the State Bar or the designee of the chief executive officer authorized to make a determination under article 10 of the State Bar Act or these rules of court, must be filed within 60 days after written notice of the action complained of is mailed to the petitioner and to his or her counsel of record, if any, at their respective addresses under section 6002.1. Within 15 days after service of the petition, the State Bar may serve and file an answer and brief. Within 5 days after service of the answer and brief, the petitioner may serve and file a reply. If review is ordered by the Supreme Court, the State Bar, within 45 days after filing of the order, may serve and file a supplemental brief. Within 15 days after service of the supplemental brief, the petitioner may file a reply brief,

*(Subd (d) amended effective January 1, 2007, previously amended effective July 1, 1968, May 1, 1986, and April 2, 1987; previously relettered and amended effective October 1, 1973, and December 1, 1990.)*

**(e)    Contents of petition**

(1)    A petition to the Supreme Court filed under (a) and (b) of this rule must be verified, must specify the grounds relied upon, must show that review within the State Bar Court has been exhausted, must address why review is appropriate under one or more of the grounds specified in rule 9.16, and must have attached a copy of the State Bar Court decision from which relief is sought.

(2)    When review is sought under (c) and (d) of this rule, the petition must also be accompanied by a record adequate to permit review of the ruling, including:

(A)    Legible copies of all documents and exhibits submitted to the State Bar Court supporting and opposing petitioner's position;

(B)    Legible copies of all other documents submitted to the State Bar Court that are necessary for a complete understanding of the case and the ruling; and

(C)    A transcript of the proceedings in the State Bar Court leading to the decision or, if a transcript is unavailable, a declaration by counsel explaining why a transcript is unavailable and fairly summarizing the proceedings, including arguments by counsel and the basis of State Bar Court's decision, if stated; or a declaration by counsel stating that the transcript has been ordered, the date it was ordered, and the date it is expected to be filed, which must be a date before any action is requested from the Supreme Court other than issuance of a stay supported by other parts of the record.

(3)    A petitioner who requests an immediate stay must explain in the petition the reasons for the urgency and set forth all relevant time constraints.

(4)    If a petitioner does not submit the required record, the court may summarily deny the stay request, the petition, or both.

*(Subd (e) amended effective January 1, 2007; previously repealed and adopted by the Supreme Court effective December 1, 1990, and February 1, 1991; previously repealed and adopted effective March 15, 1991.)*

**(f)    Service**

All petitions, briefs, reply briefs, and other pleadings filed by a petitioner under this rule must be accompanied by proof of service of three copies on the General Counsel of the State Bar at the San Francisco office of the State Bar, and of one copy on the Clerk of the State Bar Court at the Los Angeles office of the State Bar Court. The State Bar must serve the member at his or her address under Business and Professions Code section 6002.1, and his or her counsel of record, if any.

*(Subd (f) amended effective January 1, 2007; adopted by the Supreme Court effective December 1, 1990; previously amended by the Supreme Court effective February 1, 1991; previously amended effective March 15, 1991.)*

*Rule 9.13 amended and renumbered effective January 1, 2007; adopted as rule 59 by the Supreme Court effective April 20, 1943, and by the Judicial Council effective July 1, 1943; previously amended and renumbered as rule 952 effective October 1, 1973; previously amended effective July 1, 1976, May 1, 1986, April 2, 1987, December 1, 1990, February 1, 1991, and March 15, 1991.*

*The address to file your petition with the California Supreme Court is:*

CALIFORNIA SUPREME COURT
CLERK'S OFFICE
350 McALLISTER STREET
SAN FRANCISCO, CA  94102

December 29, 2022
Case No.: 22-O-02605
Page 3

http://www.calbar.ca.gov/Public/Need-Legal-Help/Lawyer-Referral-Service

Sincerely,
Complaint Review Unit
Enclosure

Name: *Wallace, Batiste*

Address: *1 MORE LAND DR.*

*San Bruno, CNF.*
*94066*

HC-001

CDC or ID Number: _____

*San Francisco City County*
*California,*

*Superior Court*
*(Court)*

*Appellate, Wallace, Batiste*

Petitioner

vs.

*Administration Justice*

*Respondent Chief Deputy Officer*

PETITION FOR WRIT OF HABEAS CORPUS

No. *15013 868 WNT 4549*

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the superior court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the superior court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal in paper form and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal electronically and you are an attorney, follow the requirements of the local rules of court for electronically filed documents. If you are filing this petition in the Court of Appeal and you are *not* represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. September 1, 2016]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

Appendix 15-B p. 1

HC-001

**This petition concerns:**

[✓] A conviction          [ ] Parole

[ ] A sentence           [ ] Credits

[✓] Jail or prison conditions    [ ] Prison discipline

[ ] Other (specify): *Cruel unusually Punishment Restoliation)*

1. Your name: *Wallace, Batiste*

2. Where you incarcerated? *At San Bruno County Jail Facility*

3. Why are you in custody? [✓] Criminal conviction   [ ] Civil commitment

*Answer items a through i to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

*Back into Custody For Reversal*

b. Penal or other code sections: *Penal code Section 6808 / Govern*

c. Name and location of sentencing or committing court:

*Hon. Mr. Samual K. Feng*

d. Case number: *150/3868*

e. Date convicted or committed: *May 17, 2017*

f. Date sentenced:

g. Length of sentence: *Two Life Sentence*

h. When do you expect to be released? *By The Appelbte court Real Soon*

i. Were you represented by counsel in the trial court? [✓] Yes  [ ] No   *If yes, state the attorney's name and address:*

*Garry Penata*

4. What was the LAST plea you entered? *(Check one):*

[ ] Not guilty  [✓] Guilty  [ ] Nolo contendere  [ ] Other: *Certification probable cause*

5. If you pleaded not guilty, what kind of trial did you have?

[✓] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

HC-001

**6. GROUNDS FOR RELIEF**
Ground 1: State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

Because me. Immreodstely

**a. Supporting facts:**
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights *at what time (when)* or *place (where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

The administration justice remorseful horied. I am continuously being sexorsxly harass By Department County city of San Francisco Sheriff Deputy. San Bruno Jail Facility. Also contained I pay Mental Health Division. there. Under cruel unusually punishment Retaliation against appeate.

**b. Supporting cases, rules, or other authority *(optional)*:**
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

Document Material E.J.O

HC-001 [Rev. September 1, 2014]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page 3 of 5

Appendix 15-B p. 5

HC-001

7.  **Ground 2 or Ground _____** *(if applicable):*

a.  Supporting facts:



b   Supporting cases, rules, or other authority:

HC-001

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?   ☑ Yes  *If yes, continue with number 13.* •   ☐ No  *If no, skip to number 15.*

13. a. (1) Name of court: First Appelate District Division Four

    (2) Nature of proceeding (for example, "habeas corpus petition"): WMA 7599

    (3) Issues raised: (a) Reversal 1382 (a)(b)(c)

        (b) _____

    (4) Result (attach order or explain why unavailable): _____

    (5) Date of decision: MAY 20, 2021

   b. (1) Name of court: First Appelate District Division Four

    (2) Nature of proceeding: Certificate probably cause

    (3) Issues raised: (a) Denied of Defendant motion dismiss

        (b) On Violation of Speedy trial Rights

    (4) Result (attach order or explain why unavailable): _____

    (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____
_____
_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) •

+ was giving confortation conflict lawyer attorney Mr. Jones esma. who I never spoke with yet since August 2, 2021.

16. Are you presently represented by counsel?   ☐ Yes   ☑ No   *If yes, state the attorney's name and address, if known:*

_____
_____

17. Do you have any petition, appeal, or other matter pending in any court?   ☑ Yes   ☐ No   If yes, explain:

I meant had to write habeas corpus writ on my own to have. I am not abusing one, my but accept pending. Then this date.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____
_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 2-21-22

_____
(SIGNATURE OF PETITIONER)

HC-001 [Rev. September 1, 2018]    **PETITION FOR WRIT OF HABEAS CORPUS**    Page 6 of 5

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

HC-001

8. Did you appeal from the conviction, sentence, or commitment? [✓] Yes [ ] No    **If yes, give the following information:**

a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):

*[handwritten]*

b. Result: _____    c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) *Confrontation conflict & Representation*

   (2) _____

   (3) _____

f. Were you represented by counsel on appeal? [✓] Yes [X] No    **If yes, state the attorney's name and address, if known:**

*[handwritten]*

9. Did you seek review in the California Supreme Court? [✓] Yes [ ] No    **If yes, give the following information:**

a. Result: *[handwritten]*    b. Date of decision: *MAY 20 2021*

c. Case number or citation of opinion, if known: *[handwritten]*

d. Issues raised: (1) *Withdraw plea bargain plea*

   (2) *DEPT 28*

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

*[handwritten] Unknown*

11. Administrative review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500.) Explain what administrative review you sought or explain why you did not seek such review:

*[handwritten] Unknown*

b. Did you seek the highest level of administrative review available? [ ] Yes [ ] No

*Attach documents that show you have exhausted your administrative remedies.*

POS-040

CASE NAME: Cruel unusually punishment Rehabilitation

CASE NUMBER: 15013866

6. b. [ ] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

   (1) [ ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

   c. [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

   e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2-21-22

Wallace Batist
(TYPE OR PRINT NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

(NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

**Clerk's Office**
**California Court of Appeal**
**1st Appellate District, Division 4**
**350 McAllister St.**
**San Francisco, CA 94102**
**(415) 865-7300**

November 12, 2021

Wallace Batiste, #394672
1 Moreland Dr.
San Bruno, CA 94066

Dear Wallace Batiste:

The court has directed me to return your document to you for pagination, meaning you must number all your pages for the court will know what follows what.

Further, your alleged proof of service does not show that you have served the opposing party.

Please resubmit after you have paginated every page of your document and prepared a proof of service showing you have effectuated service on the opposing party.

Thank you.

Sincerely,

(Mr.) C. Hoo
Deputy Clerk

Appellate MR Wallace, Batust #384642
March 2, 2022 wednesday 3:25 PM.
1 More Land Dr.
San Bruno, CA. 94066

Greeting: First Appellate District Division Four.

I file my petition December 20, 2021.
I'm very curious to know matter of status.
It would be highly appreciate to get any
kind of Appeal pending termat review.
Judicial Notice please.

From The State of California Appellate
Courts.

Properly Submitt Appellate
MR. Wallace, Batiste

CASE NO 150384 WRIT S79

P.L.S. nubia

I Had sent with my wing 7600 CASE
TO make copies. ALSO I put my
post card that came from CRU unit
complaint BAR association

please send me my Stuff with
all my paper work. please

ALSO I Had put a write up inside
look I Sent it to yall on April 23
I never got it back yet.

Thank you very much!

parpary Submitted

MR Wallece Batiste

# Appellate Courts Case Information

## 1st Appellate District

Change court ▼

## Docket (Register of Actions)

**The People v. Batiste**
**Division 4**
**Case Number A151355**

| Date | Description | Notes |
|------|-------------|-------|
| 05/24/2017 | Notice of appeal lodged/received (criminal). | |
| 06/26/2017 | Court reporter extension requested. | Paula Shi, CSR# 13358 to 08/07/2017. |
| 06/28/2017 | Counsel appointment order filed. | Attorney Robert Angres for appellant Batiste |
| 06/29/2017 | Court reporter extension granted. | Paula Shi, CSR# 13358 to 08/07f2017. |
| 08/09/2017 | Record on appeal filed. | CT-2, RT-31 + 1 vol prelim hearing<br>Sealed: RTv1, 3B, 14, and v18 and medical psych evaluations pages 009-010, 027-031, 036-040, 102-110, 115-116, 124-134, 139, 140-154, 155-169, 200-209, 266-267, 269-283) |
| 08/09/2017 | Record in box. | All of the sealed/confidential documents are contained within the box of records. |
| 08/09/2017 | Marsden transcript filed. | RTS: v1 (p1-25), v3B (p42-52), v7A (p133-141), v8 (p153-202), v13A (p228-236), |
| 08/09/2017 | Probation report filed. | |
| 09/18/2017 | Record omission letter received. | Dated 9/16/2017 by attorney Robert Angres for appellant |
| 09/18/2017 | Motion/application to augment record filed. | By appellant |

|  |  |  |
|---|---|---|
| | granted. (See order.) | The motion filed on September 18, 2017 by appellant to augment the record on appeal is granted. |
| | | Except for any confidential and/or sealed items, which shall be sent to this court only, the Clerk of the Superior Court shall send a set of the items to this court and a set to each appellate counsel -Office of the Attorney General, and attorney Robert Angres - on or before November 6, 2017. |
| | | Appellant's concurrent request for a 30-day extension of time to file the appellant's opening brief is granted. The appellant's opening brief is due within 30 days from the filing of the completed record with this court. |
| 10/06/2017 | Court reporter extension requested. | Paula Shi, CSR# 13358 to 10/28/2017. (Augment) |
| 10/06/2017 | Court reporter extension granted. | Filed augmented record pursuant to rule 8.340. Due on 10/30/2017 By 20 Day(s) |
| | | Paula Shi, CSR# 13358 to 10/28/2017. (Augment) |
| 10/20/2017 | Augmented record filed. | Received: - RT: 2/15/17 - RT: 2/21/17 |
| | | Augment complete. |
| 12/04/2017 | Record omission letter received. | Dated 12/4/2017 by attorney Robert Angres for appellant to SF Superior Court |
| 12/04/2017 | Motion/application to augment record filed. | By appellant |
| 12/11/2017 | Augmentation granted. (See order.) | BY THE COURT: |
| | | The supplemental request filed on December 4, 2017 by appellant to augment the record on appeal is granted. |
| | | Except for any confidential and/or sealed items, which shall be sent to this court only, the Clerk of the Superior Court shall send a complete set of the items to this court and a set to each appellate counsel on or before January 22, 2018. |
| | | Appellant's concurrent request for a 30-day extension of time to file the appellant's opening brief is granted. The appellant's opening brief is due within 30 days from the filing of the completed record with this court. |
| 01/16/2018 | Change of contact information filed for: | For attorney Robert Angres for appellant |
| 04/09/2018 | Received copy of: | 4.8.18 ltr. from atty Robert Angres to Superior Court re record omission ltrs. 9.16.17 and 12.4.17; |
| 01/12/2018 | Filed augmented record pursuant to rule 8.340. | Received: Clerk's transcript: copy of People's Exhibit 23, "Enrollee Event Report" (placed in gray envelope) |

record pursuant to - declaration of clerk in re: unable to locate 7/21/15 sealed Marsden motion
rule 8.340.                    - People's exhibit 5, 6, and 7
                               - 7/7/2015 Marsden motion

                               from 12/4/2017 omission letter
                               - declaration of clerk in re: did not receive 12/4/17 omission letter - was not notified of
                               omission until 4/8/2018 follow up letter
                               - priors trial jury instructions

06/08/2018 Letter sent         All record omission items filed. aob now due 7/9/2018
           advising that
           augmented record
           has been filed.

07/06/2018 Requested -
           extension of time.  Appellant's opening brief. Requested for 08/08/2018  By 30 Day(s)

07/06/2018 Granted -
           extension of time.  Appellant's opening brief. Due on 08/08/2018  By 30 Day(s)

07/23/2018 Appellant's         Defendant and Appellant: Wallace Batiste
           opening brief.       Attorney: Robert L. Angres **Due 30 days after augment is filed**

08/21/2018 Requested -
           extension of time.  Respondent's brief. Requested for 09/21/2018  By 30 Day(s)


                               rb eot; 8/22/2018 to 9/21/2018

08/21/2018 Granted -
           extension of time.  Respondent's brief. Due on 09/21/2018  By 30 Day(s)

09/21/2018 Requested -
           extension of time.  Respondent's brief. Requested for 10/22/2018  By 31 Day(s)


                               rb eot; 9/21/2018 to 10/21/2018

09/25/2018 Granted -
           extension of time.  Respondent's brief. Due on 10/22/2018  By 31 Day(s)

10/15/2018 Motion filed.       Appellant's request to file a suppelmental opening brief

10/18/2018 Order filed.        BY THE COURT:

                               Good cause appearing, "Appellant's Request to File a Supplemental Opening Brief," filed on
                               October 15, 2018, is granted. The clerk of this court is directed to concurrently file this order
                               and the proffered brief.

                               Subject to any granted extension of time to file, the due date of the respondent's brief
                               remains October 22, 2018.

10/18/2018 Supplemental        Defendant and Appellant: Wallace Batiste
           brief filed by:     Attorney: Robert L. Angres

11/05/2018 Respondent          Plaintiff and Respondent: The People
           notified re failure Attorney: Office of the Attorney General
           to file
           respondent's brief.

11/13/2018 Respondent's        Plaintiff and Respondent: The People
           brief.              Attorney: Office of the Attorney General was 10/22/2018

11/26/2018 Appellant's reply  Defendant and Appellant: Wallace Batiste
           brief.              Attorney: Robert L. Angres

11/27/2018 Case fully briefed.

01/08/2019 Record to court
           for review.

01/08/2019 Case on
           conference list.

01/08/2019 Oral argument
           waiver notice
           sent.

01/11/2019 Request for oral   By attorney Robert Angres for appellant
           argument filed by:

                               Calendar conflict on 1/25/2019, 1/29/2019, 2/4/2019-2/5/2019, 2/11/2019, 2/19/2019,
                               3/6/2019-3/7/2019, 4/4/2019-4/16/2019, and 5/1/2019.

05/14/2019 Filed letter from:  Dated 5/14/2019 by attorney Christina vom Saal for respondent in re: calendar conflict from
                               6/20/2019 through 7/5/2019.

08/28/2019 Letter sent to:     August 28, 2019

                               MEMORANDUM TO COUNSEL


                               Re: A151355 - People v. Batiste


                               This matter is scheduled for oral argument on September 24, 2019, at 9:30 a.m. At oral
                               argument, the parties shall be prepared to address People v. Rodas (2018) 6 Cal.5th 219.

09/23/2019 Filed additional    from DAG vom Saal
           cites for oral
           argument.

09/25/2019 Cause argued and
           submitted.

09/30/2019 Opinion filed.      (Signed Unpublished) The judgment is reversed.

12/11/2019 Remittitur issued.

12/12/2019 Case complete.


**Click here** to request automatic e-mail notifications about this case.


Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use |          © 2021 Judicial Council of California
Privacy

⌈ **CHRONOLOGICAL INDEX** ⌋
**PEOPLE VS. WALLACE BATISTE #224334**
Page 1, Volume 1 of 1

| DOCUMENT | PAGE |
|---|---|
| REMITTITUR – FILED 12/17/19 | 001-015 |
| COURT MINUTES **D22** 12/30/19, 12/31/19, 1/16/20, 2/4/20 | 016-019 |
| TRANSPORT/RELEASE ORDER (X2) – FILED 2/11/20 | 20-21 |
| DECLARATION OF ERWIN F. FREDRICH IN SUPPORT FOR TRANSPORT/RELEASE ORDER – FILED 2/14/20 | 022—023 |
| TRANSPORT/RELEASE ORDER (X2) – FILED 2/14/20 | 024-025 |
| COURT MINUTES **D22** 2/19/20 | 026 |
| DECLARATION OF ERWIN F. FREDRICH IN SUPPORT FOR TRANSPORT/RELEASE ORDER – FILED 2/21/20 | 027-028 |
| TRANSPORT/RELEASE ORDER (X2) – FILED 2/21/20 | 029-031 |
| POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (DECLARATION & EXHIBIT ATTACHED) – FILED 3/2/20 | 032-037 |
| OPPOSITION TO DEFENDANT'S MOTION TO DISMISS – FILED 3/10/20 | 038-045 |
| COURT MINUTES **D22** 3/11/20, 6/9/20, 6/29/20; **D23** 7/9/20; **D22** 7/24/20, 7/31/20; **D23** 8/6/20; **D22** 8/7/20, 8/10/20; **D23** 8/13/20 | 046-055 |
| ORDER PURSUANT TO PENAL CODE 1170(A)(3) – FILED 8/14/20 | 056 |
| FELONY ABSTRACT OF JUDGMENT-DETERMINATE – FILED 8/14/20 | 057 |
| COURT MINUTES **D23** 8/14/20; **D22** 8/14/20; **D23** 8/14/20 | 058-063 |
| FELONY ABSTRACT OF JUDGMENT-DETERMINATE – FILED 8/18/20 | 064 |
| NOTICE OF FELONY APPEAL – FILED 8/14/20 | 065-066 |
| PROHIBITED PERSONS RELINQUISHMENT FORM FINDINGS – FILED 8/24/20 | 067 |
| COURT MINUTES **D23** 8/24/20 | 068 |
| CERTIFICATE OF COMPLETION | 069 |
| CERTIFICATE OF MAILING/DELIVERY | 070 |

# END OF VOLUME 1

001

Department: _22_
Reg. Date: _12/30/19_
Judgment: _REVERSED_
CMS Entry ✓

**F I L E D**
*San Francisco County Superior Court*

DEC 17 2019

**CLERK OF THE COURT**
BY: _____
Deputy Clerk

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 4

Office of the County Clerk
San Francisco County Superior Court - Main
Attention: Civil Appeals
400 McAllister Street, 1st Floor
San Francisco, CA 94102

THE PEOPLE,
Plaintiff and Respondent,
v.
WALLACE BATISTE,
Defendant and Appellant.

A151355
San Francisco County Super. Ct. No. SCN224334   /15013868

## * * REMITTITUR * *

I, Charles D. Johnson, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the attached is a true and correct copy of the original opinion or decision entered in the above-entitled cause on September 30, 2019 and that this opinion has now become final.

___Appellant ___Respondent to recover costs
___Each party to **bear own** costs
_✓_ Costs **are** not **awarded in** this proceeding
___See decision for costs determination

Witness my hand and the Seal of the Court affixed at my office this   DEC **11 2019**

Very truly yours,
Charles D. Johnson
Clerk of the Court

Deputy Clerk
M. Garcia

P.O. Report:           ✓
Marsden Transcript:    ✓
Boxed Transcripts:     ✓
Exhibits:              ___
None of the above:     ___

rem1

*Exact Copy*

032 ✓

FILED AND ENTERED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2020 MAR -2  AM 9: 14

CLERK OF THE COURT

BY:_____
DEPUTY CLERK

1    ERWIN F. FREDRICH (SBN 53551)
     Attorney at Law
2    360 Ritch Street; Suite 201
     San Francisco, CA 94107
3
     (415) 563-8870

     efredrich@juno.com
4
     Attorney for Defendant
     Dismiss Ps & As Final
5
6                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                          COUNTY OF SAN FRANCISCO
8

9    PEOPLE OF THE STATE OF          )      No. 15013868 (224334)
     CALIFORNIA,                     )
                  Plaintiff          )
                                     )
                                     )      POINTS AND AUTHORITIES IN
     vs.                             )      SUPPORT OF MOTION TO DISMISS
                                     )      (Declaration & Exhibit Attached)
     WALLACE BATISTE,                )
                  Defendant.         )      Hearing: March 11, 2020; 9 AM
                                     )      Department 22
10   _____ )
11
12         On February 19, 2020 defendant, through his attorney Erwin F. Fredrich, moved

13   in Department 22, the Honorable Loretta Giorgi, Presiding, to dismiss this case

14   because of violation of defendant's speedy trial rights. The court then scheduled a

15   hearing date of March 11, 2020 with defendant to file supporting Points and Authorities

16   by March 2, 2020 and  prosecution opposition due by March 10, 2020. Defendant was

17   not present in court on February 19, 2020 as he was still being housed in custody by

18   the California Department of Correction at its Solano State Prison facility in Vacaville

19   California. It is expected that defendant will have been transported from State Prison

20   and be present  for the March 11, 2020 hearing of this motion and then be in custody

21   in  the San Francisco County Jail.

1    The convictions of 2017 in this case were reversed by the California Court of

2    Appeal, First Appellate District, Division 4 (A151355) on September 30, 2019.

3    Remittitur was issued by the Court of Appeal on December 11, 2019. Remittitur was

4    filed in San Francisco Superior Court on December 17, 2019. [Copy of Remittitur as

5    filed in San Francisco Superior Court attached hereto. Defendant requests that the

6    court take Judicial Notice of these events. See also attached Declaration.]

7    Criminal speedy trial rights are part of the United States and California

8    Constitutions. In California, Penal Code section 1382 delineates a 60-day period to

9    bring a felony case to trial after certain events. One of these events is the filing of

10    Remittitur in the trial court after an appeal.

11    From Penal Code section 1382:
12    "(a) The court, unless good cause to the contrary is shown, shall order the
13    action to be dismissed in the following cases:

14    ...
15    (2) In a felony case, when a defendant is not brought to trial within 60 days
16    of the defendant's arraignment on an indictment or information,
17    ...
18    or **after the filing of the remittitur in the trial court** ..."
19
20    On February 19, 2020 defendant had not been sent to trial and no trial date had

21    been set.

22    *People v. Anderson* (2001) 25 Cal 4th 543 discussed aspects of section

23    1382.The *Anderson* opinion noted:

24

25    "With respect to the penalty retrial, defendant does not argue that his
26    speedy-trial rights attached any earlier than the issuance of our remittitur
27    in *Anderson I.* On the other hand, from and after the time our remittitur
28    issued, defendant remained under the actual restraints imposed by his
29    affirmed conviction on capital charges, and we may therefore assume that
30    the rights he asserts attached no later than that time."
31    ...

2

1   "Where its terms govern, section 1382, California's speedy-trial statute, is
2   "'supplementary to and a construction of'" the *state* constitutional speedy-
3   trial guarantee, and the statute "implement[s]" that guarantee. (Citations
4   omitted) Thus, a violation of the statute will entitle the defendant to
5   dismissal regardless of prejudice."
6   *People v. Anderson*, supra at pages 624-625.
7
8        *Sykes v. Superior Court* (1973) 9 Cal. 3d 83, another case discussing

9   section 1382, notes:

10  "Section 1382, subdivision 2, implements the foregoing constitutional and
11  statutory guarantees by providing that, absent a showing of "good cause," a
12  defendant accused of a felony is entitled to have the charges against him
13  dismissed if he is not brought to trial within 60 days after the filing of
14  criminal charges or after particular events necessitating a retrial thereof. A
15  dismissal is thus mandated in those situations covered by the statute if, at
16  the time a defendant moves therefor, the 60-day period has elapsed and
17  good cause for the delay is not shown by the prosecution. In these
18  circumstances the defendant is not required to make any further showing,
19  and in particular he is not required to make an affirmative showing that he
20  has been prejudiced by the delay."
21  *Sykes v. Superior Court*, supra at 88-89
22  ...
23  "The only duty placed upon an accused in protecting his right to a speedy
24  trial is to object when his trial is set for a date beyond the statutory period
25  and then move to dismiss once that period expires, or merely move to
26  dismiss if the statutory period expires without a trial date being set."
27  *Sykes v. Superior Court* , supra at 94
28
29       A 2018 case from the First Appellate District --- *People v. Bilbrey* (2018) 25

30  Cal. App. 5th 764 in upholding a trial court's section 1382 dismissal noted:

31  "The statutory speedy trial rights provided in section 1382 and related
32  sections of the Penal Code "'are supplementary to and a construction of'
33  the state constitutional speedy trial guarantee." (*People v. Martinez* (2000)
34  22 Cal.4th 750, 766 [94 Cal.Rptr.2d 381, 996 P.2d 32].) "[S]ection 1382
35  constitutes a legislative endorsement of dismissal as a proper judicial
36  sanction for violation of the constitutional guarantee of a speedy trial and as
37  a legislative determination that a trial delayed more than 60 days is prima
38  facie in violation of a defendant's constitutional right." (*Sykes, supra,* 9
39  Cal.3d at p. 89.)"

40  *People v. Bilbrey, supra at 778-779*

41

3

1     *Bilbrey* in discussing good cause for a violation of the 60-day rule indicated:
2

3     "Delay attributable to the fault of the prosecution, on the other hand, does
4     not constitute good cause. Neither does delay caused by improper court
5     administration." (*People v. Johnson* (1980) 26 Cal.3d 557, 570 [162
6     Cal.Rptr. 431, 606 P.2d 738], fns. omitted.)"
7

8     *People v. Bilbrey, supra at 781*

9      In this case the 60-day cutoff of Penal Code section 1382 is over. The
10 prosecution has shown no good cause – and in fact no cause at all. The court is
11 required to dismiss the case and defendant requests the court do so.

12

13 Dated: March 2, 2020

14               ERWIN F. FREDRICH
15               Attorney for Defendant
16

17            DECLARATION IN SUPPORT
18

19     I , Erwin F. Fredrich, Court appointed attorney of record for Defendant
20 herein, declare:

21      The dates and events in the attached motion are true and accurate and are
22 based on my presence in Court on February 19, 2020, examination of the California
23 Department of Corrections Website concerning Defendant, examination of court
24 docket entries in this case 15013868 (224334) and from information from and obtained
25 from the Website of the California Court of Appeal, First Appellate District in case
26 A151355.

27      The attached copy of filed Remittitur in San Francisco Superior Court is a true
28 and accurate copy of that document.

29      I am informed and believe that the references and summaries of dates and
30 events in this motion are from my observations and from the sources indicated and are
31 true and accurate.

32 Executed on March 2, 2020 at San Francisco, California. I declare under penalty of
33 perjury that the foregoing is true and correct.
34

35 ERWIN F. FREDRICH
36

4

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

OR COURT US

TELEPHONE NO.:                         FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  MR James Senel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PETITIONER/PLAINTIFF: Appelate, MR wallace Batiste

RESPONDENT/DEFENDANT:
Say Francisco Justice departmet Administration

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**

CASE NUMBER:
ZZ4334/180138668

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: A more Land DR. San Bruno, CA. 94066

3. On *(date):* 1-19-23 I mailed from *(city and state):*
   the following documents *(specify):*

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served:
   b. **Address** of person served:

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:
January 19, 2023

_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ Wallace Batiste
_____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

## INFORMATION SHEET FOR PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL

*(This information sheet is not part of the Proof of Service and does not need to be copied, served, or filed.)*

**NOTE:** This form should **not** be used for proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Use these instructions to complete the *Proof of Service by First-Class Mail—Civil* (form POS-030).

A person over 18 years of age must serve the documents. There are two main ways to serve documents: (1) by personal delivery and (2) by mail. Certain documents must be personally served. You must determine whether personal service is required for a document. Use the *Proof of Personal Service–Civil* (form POS-020) if the documents were personally served.

The person who served the documents by mail must complete a proof of service form for the documents served. **You cannot serve documents if you are a party to the action.**

### INSTRUCTIONS FOR THE PERSON WHO SERVED THE DOCUMENTS

The proof of service should be printed or typed. If you have Internet access, a fillable version of the Proof of Service form is available at *www.courtinfo.ca.gov/forms.*

*Complete the top section of the proof of service form as follows:*

First box, left side: In this box print the name, address, and telephone number of the person *for* whom you served the documents.

Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as on the documents that you served.

Third box, left side: Print the names of the Petitioner/Plaintiff and Respondent/Defendant in this box. Use the same names as are on the documents that you served.

First box, top of form, right side: Leave this box blank for the court's use.

Second box, right side: Print the case number in this box. The case number should be the same as the case number on the documents that you served.

*Complete items 1–5 as follows:*

1. You are stating that you are over the age of 18 and that you are not a party to this action. You are also stating that you either live in or are employed in the county where the mailing took place.

2. Print your home or business address.

3. Provide the date and place of the mailing and list the name of each document that you mailed. If you need more space to list the documents, check the box in item 3, complete the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)), and attach it to form POS-030.

4. For item 4:

    Check box a if you personally put the documents in the regular U.S. mail.
    Check box b if you put the documents in the mail at your place of business.

5. Provide the name and address of each person to whom you mailed the documents. If you mailed the documents to more than one person, check the box in item 5, complete the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (form POS-030(P)), and attach it to form POS-030.

**At the bottom, fill in the date on which you signed the form, print your name, and sign the form. By signing, you are stating under penalty of perjury that all the information you have provided on form POS-030 is true and correct.**