SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

BEFORE THE HONORABLE LORETTA M. GIORGI, JUDGE PRESIDING

DEPARTMENT NUMBER 22

---oOo---

PEOPLE OF THE STATE OF CALIFORNIA,    )
                                     )
          Plaintiff,            )  Case No. 15013868
                                     )  Motion to Dismiss
vs.                               )
                                     )
WALLACE BATISTE,                 )
                                     )
          Defendant.          )
                                     )

Reporter's Transcript of Proceedings

Wednesday, March 11, 2020

APPEARANCES OF COUNSEL:

For Plaintiff:

        CHESA BOUDIN, District Attorney
        350 Rhode Island Street
        San Francisco, California 94103
        BY:  TONY HERNANDEZ, Assistant District Attorney

For Defendant:

        LAW OFFICE OF ERWIN FREDRICH
        360 Ritch Street, Suite 201
        San Francisco, California 94107-1747
        BY:  ERWIN FREDRICH, ATTORNEY AT LAW

Reported by:  Melanie Dawn Gheno, CSR No. 7489, RMR, CRR, CRC
                 Official Court Reporter

Wednesday, March 11, 2020                    A.M. Session

P R O C E E D I N G S

THE CLERK: Call Line 11, Wallace Batiste.

THE COURT: All right. Good morning, Mr. Batiste.

THE DEFENDANT: Good morning.

THE COURT: Counsel, state your appearances.

MR. HERNANDEZ: Good morning. Tony Hernandez for the People.

MR. FREDRICH: Good morning, your Honor. Erwin Fredrich for the defendant, who is present in custody.

THE COURT: All right. This matter is on for a Motion to Dismiss, and I have read and considered the papers submitted by counsel.

Is there anything anybody wishes to add?

MR. FREDRICH: I would, your Honor. The response or opposition was just filed yesterday. So obviously I haven't had time to prepare any written opposition, so I would like the opportunity to respond. If the Court would like to focus me on anything in particular before I start, I would be happy to accept suggestions.

THE COURT: Well, I think that the People make a good point with regard to the fact that the request for a speedy trial was not invoked until after you were on the case. There were previous attorneys, and to that extent that essentially negates the basis for the Court to grant your motion, but if you want time to brief that, we'll make it very brief, but I can let you do that.

MR. FREDRICH: I think I can respond orally, your Honor.

And then if the Court would like further briefing, I'd be happy to do that.

**THE COURT:** Go ahead and respond if you'd like.

**MR. FREDRICH:** Yes. So 13 -- Penal Code Section 1382 requires, subsection (a)2(b) "In the absence of an express general time waiver from the defendant, or upon the withdrawal of a general time waiver, the Court shall set a trial date." That's shall.

So it's the Court's duty to set a trial date, not for the -- anybody else. The Court has to do that, and the statute indicates the Court has to do that. The Court shall, a mandatory direction to the trial court.

So, in this case, the trial court -- well, first let me back up. It was clear there's no dispute that the remittitur was filed December 17th, 2019. That's the operative date for the 60 days to run. There was no waiver of that 60-day rule by Defendant. He was never present in **court.** It was neither prosecution nor the Court took any steps to have him returned. It was clear.

He originally had a 61-year sentence, and he was in State prison. It was determined he was in state prison. He was copied by his appellate attorneys at that address in State prison. There was also no waiver of his speedy trial rights of the 60 days, by either two previous counsel representing Mr. Batiste. That's Garry Preneta and Susan Kaplan. There was no waiver of that 60-day right.

**THE COURT:** Let me ask this: Have you looked at the transcripts to see if that's in fact the case?

**MR. FREDRICH:** Which transcripts, your Honor?

**THE COURT:** The transcripts of the hearings that they appeared at.

**MR. FREDRICH:** No. I -- I see that Mr. Hernandez looked at the dockets or the minute orders. I did too. I see no reference that there was any waiver of any in any minute orders in the Court's docket, and the Court can take judicial notice.

They're not accurate. What would be accurate is the transcript of the hearing. The Court is right on that, but as far as minute orders, there's no indication of a waiver of a speedy trial right and no agreement to not set a trial date by either counsel or by me. So, we have a situation where there's -- it refers to an express waiver of the 60-day rule.

Your Honor sits in arraignment courts for many years and sat down in 17 for misdemeanors. So it's common that these time waivers are required personally and expressly by the defendant, not by counsel and certainly not by silence of counsel.

**THE COURT:** So let me then posit this. Here's the problem. Unfortunately, Mr. Batiste was in State prison until he was transported here, and the transport order was prepared by his counsel for a return sometime after January 16th.

So even presuming that that would be required, we did not have his person here to do that, because counsel had not requested that he be present until sometime after the 16th, and then on February 4th, Ms. Kaplan was relieved as counsel, and you were appointed, Mr. Fredrich, and at that point we did have Mr. Batiste here.

**MR. FREDRICH:** He wasn't here then either.

09:13

THE COURT: Okay. So when did he get here for that?

MR. FREDRICH: He got here yesterday.

THE COURT: Okay. So there we have it. So how was the Court to get a personal waiver from him?

MR. FREDRICH: Well, the situation requires the prosecution and/or the Court after remittitur is filed to get him here. It's not Mr. Batiste's responsibility to do that.

THE COURT: Well, I understand that, but the Court had appointed counsel, and it's his counsel's duty to present the Court with the orders to get him transported, and that didn't happen, as you know until later. It's not like we just sat around and let Mr. Batiste sit in State prison and didn't have counsel or someone representing him to assert those rights on his behalf.

MR. FREDRICH: Let me back up just a little bit, your Honor. Your Honor, Judge Giorgi, was not part of this case when I filed the remittitur. That was Judge Feng, and Judge Feng from what I understand from reviewing the docket was also present the end of December, December 30th and perhaps 31st, so that perhaps we had three dates there, the filing of the remittitur and was in court to read it into the record on the 30th and the 31st. And one of those dates Gary Preneta was appointed.

So there was some problems with transport orders. No order, no -- the Court, Judge Navarro I understand from the minute orders on January 16th ordered Ms. Kaplan to prepare a minute order for transport. Again, there was no discussion.

A trial could have been set on December 30th, 31st, January 16th, could have been set. It wasn't set. So again,

it's on the trial Court to set it. So then your Honor came into the case, first I'm aware that your Honor when the case was on calendar was February 4th.

The Court then signed an order that Ms. Kaplan had prepared on review after -- I didn't have an advance copy of it, but there was many clerical and misspelling or mis-numbered, even CDC number was incorrect. So I made changes and initialed it on the order, and the sheriff's department ruled that was unacceptable. So we had to prepare another order, and then I prepared another order. And the sheriff claimed that they couldn't do it in time. They needed three weeks to get him back here. And then I prepared another order.

We were here on February 19th. I made a motion to dismiss. I knew that they needed three weeks, so that's why we picked this date for this hearing. And then finally, they did get him here and got him here yesterday.

So again, through all this time period, there's certainly been no indication that Mr. Batiste wanted to waive his speedy trial rights. He had no -- my understanding is he had no contact with Mr. Preneta or Ms. Kaplan after the remittitur was filed or for that matter while the appeal was pending, but specifically none with Mr. Kaplan or Mr. Preneta prior to my appointment. And then it took me a couple weeks to get approval to go see him out at Solano State Prison in Vacaville, and it was clear that he hadn't authorized anybody to waive his speedy trial rights.

So again, we back up, the responsibility is on the Court to set the trial date. The Court did not need his presence to do

that. It could set the trial date, and then I assume that the date would have been set within the 60 days, and then steps could have been taken and would have been taken to get Mr. Batiste here.

The problem is no trial date was set. And we go back to the statute then and the cases I cited in my moving papers that it's not the responsibility of the defendant to do anything.

**THE COURT:** I understand.

**MR. FREDRICH:** So, that's the situation. I think the cases are all -- the cases cited by the prosecution in its brief filed yesterday are not pertinent. Those cases oversimplified situations where generally the defense attorney has too many cases and they need more time to pass the 60 days, or they need other preparatory work or they're involved in other cases, and often the Court finds good cause.

However, the cases cited by prosecution, one was People V. Johnson, I cited that case within a cite of my brief, and that's People V. Johnson 26 Cal. 3rd 557 at 1570, indicated they attributed the fault of the prosecution on the other hand does not constitute good cause and neither does the late cause by proper court administration.

**THE COURT:** Okay. I don't want to reiterate what's in the papers. I read them last night.

**MR. FREDRICH:** But the People and I both site Johnson. I think that the case is appropriately cited for the defendant here. The other one of the other cases cited was Jensen, and that cite is in their opposition papers. That case the DA sought a continuance because a witness was unavailable.

THE COURT: I understand that.

MR. FREDRICH: So, the -- again, we get back to who is -- when you've been sent to State prison and you're in State prison and your convictions have been reversed. It's the responsibility when the remittitur is filed the statute is clear and the case law is clear, that trial date has to be set by the trial court. There was no trial date set. I think it's uncontroverted. There still hasn't been one set, and we're objecting to setting the trial date because of the violation of 1382.

THE COURT: All right. Let me hear from Mr. Hernandez.

MR. FREDRICH: Pardon me?

THE COURT: I understand your arguments.

MR. HERNANDEZ: Your Honor, take a look at the docket on this. Both Ms. Kaplan and Mr. Preneta on this case, neither of them asserted a speedy trial right on behalf of Mr. Johnson. In fact, both of them did not assert a speedy trial right for Mr. Johnson.

Secondly, they both put the case over only to set presumably because Mr. Johnson was not present. He wasn't brought here to give an express waiver and to face these charges again. And so given those facts, I would argue that there was a waiver on behalf of his attorneys.

THE COURT: All right. Submitted.

MR. FREDRICH: One final point, your Honor.

THE COURT: One final point, Mr. Fredrich.

MR. FREDRICH: When there's no good cause -- our position is there's no good cause shown here, and that's clear. And when

there's no good cause shown, the defendant does not have to show prejudice, but the prejudice in this case in particular is that if the motion to dismiss is granted, they would not -- the prosecution would not be able to refile because the statute of limitations would expire. The date of the event of this charge against him was -- let me get that -- sometime in 2000 -- it's June 21st, 2015. So that's the prejudice.

If the Court denies this motion to dismiss, he loses the benefit of being able to assert -- prosecution would attempt to refile -- assert a statute of limitations defense.

**THE COURT:** All right.

**MR. FREDRICH:** So granting the motion is appropriate.

**THE COURT:** All right. Submitted.

**MR. HERNANDEZ:** Submitted.

**THE COURT:** All right. I understand your arguments, well taken. However, we look also at the cases regarding speedy trial rights. They don't just look at a drop dead date. They look at what has occurred and why perhaps the speedy trial right, the time that it took to get them to their speedy trial.

In light of the circumstances, again, that Mr. Batiste was in State prison, he did have counsel. They did not assert a speedy trial right. They didn't even have him available to talk to. As you said, it took you two weeks to even get permission to see him, and you were recently appointed. I don't believe the speedy trial rights have been denied.

He is here now. I'm willing to give him his trial within his speedy right time. You said he arrived yesterday.

**MR. FREDRICH:** Yes.

THE COURT: I'll set it as of yesterday. So his last day -- I'm denying your motion to dismiss. I'm setting a last day of May the 11th, with a trial date of April the 24th.

MR. FREDRICH: Your Honor, just let me, one, check my calendar.

THE COURT: Sure. We won't go out on the 24th as you know, but sometime in this period.

MR. FREDRICH: So the Court is setting a last day of May 11th and a trial date --

THE COURT: April 24th would be the first trial call.

MR. FREDRICH: So just for the record, your Honor, we're objecting to both setting a last day of May 11th and objecting to any trial date, specifically April 24th being set, and we would again move for dismissal based on the same grounds as raised before.

THE COURT: And again, that's denied. I've set the date. You know what your remedies are if you disagree.

All right. Do you want a pretrial conference date?

MR. FREDRICH: Sure. If we could have one relatively soon.

THE COURT: Mr. Hernandez, are you going to keep this case?

MR. HERNANDEZ: No. It's going to be Ms. Brass' case.

THE COURT: Do you know what date she has?

MR. HERNANDEZ: I believe Thursdays, your Honor.

THE COURT: How about April 2nd.

MR. FREDRICH: Is there any sooner date possible?

THE COURT: Not on a Thursday. They're all booked. April 2nd, Department 23, for pretrial conference. And then if that doesn't resolve, you'll be back here on April 24th,

Mr. Batiste, for trial.

**MR. FREDRICH:** Your Honor, again, that setting of the conference on the 2nd is without waiving any rights as previously asserted.

**THE COURT:** I understand.

**MR. FREDRICH:** Thank you.

--o0o--

**(Proceedings concluded.)**

**FILED**
San Francisco County Superior Court

FEB 1 4 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk

ERWIN F. FREDRICH (SBN 53551)
Attorney at Law
360 Ritch Street; Suite 201
San Francisco, CA 94107

(415) 563-8870
efredrich@juno.com

Attorney for Defendant
Transport Order Sheriff 2020 B

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>WALLACE BATISTE,<br>(CDC Number F33489)<br>(Birth Date 9/20/1964)<br>Defendant. | No. 15013868 (224334)<br><br>TRANSPORT/RELEASE ORDER |

TO: THE SAN FRANCISCO SHERIFF'S DEPARTMENT

YOU ARE HEREBY ORDERED to transport to THE SAN FRANCISCO SHERIFF'S DEPARTMENT JAIL WALLACE BATISTE (CDC Number F33489) (Birth Date 9/20/1964) from CALIFORNIA STATE PRISON SOLANO to San Francisco Country Jail to be at the San Francisco Country Jail for further proceedings in this court after reversal of conviction on appeal (A151355). The next court date is set for February 19, 2020 in Department 22 and on such additional subsequent days as may be set by the court for additional proceedings in the matter herein..

WALLACE BATISTE will remain in custody of the SAN FRANCISCO SHERIFF'S DEPARTMENT until further order of this court.

The SAN FRANCISCO SHERIFF'S DEPARTMENT is to return WALLACE BATISTE to the CALIFORNIA STATE PRISON SOLANO when proceedings are concluded in San Francisco.

Dated: February 14, 2020

_____
LORETTA GIORGI
JUDGE OF THE SUPERIOR COURT

ERWIN F. FREDRICH (SBN 53551)
Attorney at Law
360 Ritch Street; Suite 201
San Francisco, CA 94107

(415) 563-8870
efredrich@juno.com

Attorney for Defendant
Transport Order Sheriff 2020 C

F I L E D
San Francisco County Superior Court

FEB 2 1 2020

CLERK OF THE COURT
By: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | No. 15013868 (224334) |
| Plaintiff, | ) ) ) | TRANSPORT/RELEASE ORDER |
| vs. | ) ) ) | |
| WALLACE BATISTE, (CDC Number F33489) (Birth Date 9/20/1964) Defendant. | ) ) ) ) ) | |

TO: THE SAN FRANCISCO SHERIFF'S DEPARTMENT

YOU ARE HEREBY ORDERED to transport to THE SAN FRANCISCO SHERIFF'S DEPARTMENT JAIL WALLACE BATISTE (CDC Number F33489) (Birth Date 9/20/1964) from CALIFORNIA STATE PRISON SOLANO to San Francisco Country Jail to be at the San Francisco Country Jail for further proceedings in this court after reversal of conviction on appeal (A151355). The next court date is set for March 11, 2020 in Department 22 and on such additional subsequent days as may be set by the court for additional proceedings in the matter herein..

WALLACE BATISTE will remain in custody of the SAN FRANCISCO SHERIFF'S DEPARTMENT until further order of this court.

The SAN FRANCISCO SHERIFF'S DEPARTMENT is to return WALLACE BATISTE to the CALIFORNIA STATE PRISON SOLANO when proceedings are concluded in San Francisco.

Dated: February 21 , 2020 _____

LORETTA GIORGI
JUDGE OF THE SUPERIOR COURT

401

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - MINUTES

People of the State of California  vs **WALLACE BATISTE**  [X] Present

| SC #<br>224334 | Assistant DA of Record<br>LAURA CARWILE | [ ] Present | Attorney of Record<br>GARRY  PRENETA | [X] Present |
|---|---|---|---|---|
| [X] Interpreter Language<br>INTR CANCELLED | Clerk<br>ANGEVIC U. AGDEPPA | | Judge<br>SAMUEL K.  FENG | |

Reporter
ANTHONY VAUGHN #6185

Cause on Calendar for  Hearing

**Defendant Status:** CUST

Court has appointed GARRY PRENETA, conflict counsel.

Special appearance by REMA BREALL, DA for the Assistant DA of Record.

| Count | Code | Section | Degree | MC # | Plea | Finding |
|---|---|---|---|---|---|---|
| 001 | PC | 211/F | 2nd | 15013868 | NG | |
| 002 | PC | 496(A)/M | | 15013868 | NG | |
| 002 | PC | 496(A)/F | | 15013868 | NG | NG |
| 003 | PC | 211/F | 2nd | 15013868 | NG | |

**ENHANCEMENTS**

| Count 001, 667(a)(1)PC | 5 Year(s) | Consecutive |
|---|---|---|
| Count 001, 667(a)(1)PC | 5 Year(s) | Consecutive |
| Count 001, 667.5(B)PC | 1 Year(s) | Consecutive |

Cause on calendar: HEARING TO READ REMITTITUR ONTO RECORD.

The case is continued for: HEARING TO READ REMITTUTUR ONTO RECORD.

Cause is ordered continued to 12/31/2019 at 09:00 in Department S22 for Hearing.

FD:(03/23/2002) G          Print Date: 12/30/2019 15:32          Line#9     Dept. S22  Date  12/30/2019    Page 1 of 1

Generic Minutes          Attest: ANGEVIC U. AGDEPPA          Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - MINUTES

People of the State of California  vs **WALLACE BATISTE**  ☐ Present

| SC #<br>224334 | Assistant DA of Record<br>LAURA CARWILE | ☐ Present | Attorney of Record<br>SUSAN KAPLAN | ☒ Present |
|---|---|---|---|---|
| ☒ Interpreter Language<br>INTR CANCELLED | Clerk<br>ANGEVIC U. AGDEPPA | | Judge<br>SAMUEL K. FENG | |
| Reporter<br>ANTHONY VAUGHN #6185 | | | | |

Cause on Calendar for  Hearing                                **Defendant Status:** CUST

Court has appointed SUSAN KAPLAN, conflict counsel.

Special appearance by REMA BREALL, DA for the Assistant DA of Record.

| Count | Code | Section | Degree | MC # | Plea | Finding |
|---|---|---|---|---|---|---|
| 001 | PC | 211/F | 2nd | 15013868 | NG | |
| 002 | PC | 496(A)/M | | 15013868 | NG | |
| 002 | PC | 496(A)/F | | 15013868 | NG | NG |
| 003 | PC | 211/F | 2nd | 15013868 | NG | |

**ENHANCEMENTS**

| | | | |
|---|---|---|---|
| Count 001, 667(a)(1)PC | 5 Year(s) | Consecutive |
| Count 001, 667(a)(1)PC | 5 Year(s) | Consecutive |
| Count 001, 667.5(B)PC | 1 Year(s) | Consecutive |

Cause on calendar: HEARING TO READ REMITTITUR ON THE RECORD.

Defendant not present.

ATTY. GARRY PRENETTA RELIEVED AS COUNSEL OF RECORD

The court appoints SUSAN KAPLAN as conflict counsel.

The case is continued for: TO SET.

Defendant's appearance is waived for the next appearance.

The court orders the remittitur spread upon the minutes, the judgment is reversed.

Defendant not present.

Cause is ordered continued to 01/16/2020 at 09:00 in Department S22 for Hearing.

FD:(03/23/2002) G          Print Date: 12/31/2019 13:39          Line# 401     Dept. S22   Date 12/31/2019   Page 1 of 1

**Generic Minutes**                                    Attest: ANGEVIC U. AGDEPPA          Deputy Clerk

(17)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - MINUTES

People of the State of California  vs **WALLACE BATISTE** ☐ Present

| SC #<br>224334 | Assistant DA of Record | ☐ Present | Attorney of Record<br>ERWIN FREDRICH | ☒ Present |
|---|---|---|---|---|
| ☒ Interpreter Language<br>INTR CANCELLED | Clerk<br>JORY LATORRE | | Judge<br>LORETTA M. GIORGI | |
| Reporter<br>DIANE WILSON #8557 | | | | |

Cause on Calendar for  Hearing

**Defendant Status:** CUST

Court has appointed ERWIN FREDRICH, conflict counsel.

Special appearance by REMA BREALL, DA for the Assistant DA of Record.

| Count | Code | Section | Degree | MC # | Plea | Finding |
|---|---|---|---|---|---|---|
| 001 | PC | 211/F | 2nd | 15013868 | NG | |
| 002 | PC | 496(A)/M | | 15013868 | NG | |
| 002 | PC | 496(A)/F | | 15013868 | NG | NG |
| 003 | PC | 211/F | 2nd | 15013868 | NG | |

**ENHANCEMENTS**

| Count 001, 667(a)(1)PC | 5 Year(s) | Consecutive |
|---|---|---|
| Count 001, 667(a)(1)PC | 5 Year(s) | Consecutive |
| Count 001, 667.5(B)PC | 1 Year(s) | Consecutive |

Cause on calendar: TO SET TRIAL AFTER JUDGMENT REVERSED.

For today's proceedings, the defendant's appearance is waived.

ATTORNEY SUSAN KAPLAN IS RELIEVED

The court appoints ERWIN FREDRICH as conflict counsel.

TRANSPORTATION SIGNED AND FILED

The case is continued for: TO SET TRIAL AFTER JUDGMENT REVERSED AND STATUS OF TRANSPORT.

Cause is ordered continued to 02/19/2020 at 09:00 in Department S22 for Hearing.

FD:(03/23/2002) G          Print Date: 02/04/2020 14:42          Line# 11          Dept. S22  Date 02/04/2020  Page 1 of 1

**Generic Minutes**          Attest: JORY LATORRE          Deputy Clerk

CHESA BOUDIN (SBN 284577)
District Attorney
Antonio J. Hernandez (SBN 185631)
Assistant District Attorney
350 Rhode Island Street
North Building, Suite 400N
San Francisco, California 94103
Telephone: 628-652-[4212]
Facsimile: 628-652-4001
Email: Tony.Hernandez@sfgov.org

Attorneys for the People

F I L E D
Superior Court of California
County of San Francisco

MAR 10 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                  Plaintiff,<br><br>    v.<br><br>Wallace Batiste,<br><br>           Defendant. | Case No. 15013868<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:   3/11/2020<br>Time:  9:00 a.m.<br>Dept.:  22 |

TO DEFENDANT BY AND THROUGH HIS ATTORNEY AND TO THE HONORABLE COURT:

PLEASE TAKE NOTICE THAT on 3/11/2020 at 9:00 a.m., or as soon thereafter as the matter may be heard before the court in Department 22 of the above-titled Court, located at the Hall of Justice, 850 Bryant Street, San Francisco, California, the People of the State of California will oppose Defendant's Motion to Dismiss.

This opposition will be based on the following memorandum of points and authorities, and on any subsequent exhibits hereinafter lodged or filed with the Court, on such supplemental memoranda of points and authorities as may hereafter be filed with the Court or stated orally at the conclusion of the hearing on the motion, on the following

1

declaration, on all the papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing of the motion.

3/10/2020

CHESA BOUDIN
District Attorney

By: _____
Antonio J. Hernandez
Assistant District Attorney
Attorneys for the People

039

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE CASE

On September 30, 2019, the defendant's convictions were overturned by the California Court of Appeal, First Appellate District, Division 4 (A151355). On December 11, 2019, the remittitur in this case was filed in San Francisco Superior Court. On December 31, 2019, the remittitur was read onto the record. Additionally, Garry Preneta was relieved as counsel of record, and Susan Kaplan was appointed. There is no indication that either counsel asserted the defendant's speedy trial rights. On January 16, 2020, the case was on calendar to set. Defense counsel, Susan Kaplan was to prepare a transportation order to return the defendant from state prison. On February 4, 2020, Susan Kaplan was relieved as counsel, and Erwin Fredrich was appointed as counsel. The People request that the Court take judicial notice of these events as they're documented in the court docket.

## STATEMENT OF THE FACTS

## ARGUMENT

Penal Code Section 1382 states, in pertinent part:

" **(a)** The court, ___unless good cause to the contrary is shown___, shall order the action to be dismissed in the following cases:

**(2)** In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after the mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court, or after the issuance of a writ or order which, in effect, grants a new trial, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney, or within 90 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney in any case where the district attorney

3

chooses to resubmit the case for a preliminary examination after an appeal or the issuance of a writ reversing a judgment of conviction upon a plea of guilty prior to a preliminary hearing. However, an action shall not be dismissed under this paragraph if either of the following circumstances exists:

**(A)** The defendant enters a general waiver of the 60-day trial requirement. A general waiver of the 60-day trial requirement entitles the superior court to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial. If the defendant, after proper notice to all parties, later withdraws, in open court, his or her waiver in the superior court, the defendant shall be brought to trial within 60 days of the date of that withdrawal. Upon the withdrawal of a general time waiver in open court, a trial date shall be set and all parties shall be properly notified of that date. If a general time waiver is not expressly entered, subparagraph (B) shall apply.

**(B)** *__The defendant requests or consents to the setting of a trial date beyond the 60-day period.__* In the absence of an express general time waiver from the defendant, or upon the withdrawal of a general time waiver, the court shall set a trial date. Whenever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter.

(emphasis added).

A dismissal under Penal Code Section 1382 is mandated only if the prosecution cannot show good cause for the delay. (See Penal Code Section 1382; See also *Sykes v. Superior Court* (1973) 9 Cal.3d 83,880). What constitutes good cause for delay depends on the circumstances of each case. (*People v. Johnson* (1980) 26 Cal.3d 557, 570; See also *Jensen v. Superior Court* (2008) 160 Cal.App.4th 266, 274).

To invoke the right to a dismissal under Penal Code Section 1382, the defendant must first object to a continuance beyond the applicable statutory period and, thereafter, must move to dismiss under Penal Code Section 1382. Defense counsel must object at the time a case is continued beyond the statutory time limits, even if previous objections have been made, the right to a speedy trial will have been waived if the statutory period is exceeded without objection. (*Dulsky v. Municipal Court* (1966) 242 Cal.App.2d 288, 292). Moreover, if the defendant either expressly

4

or implicitly consents to the setting of the trial date beyond the statutory period, then a failure to object to a delay beyond the statutory period constitutes consent to that delay, whether or not such a consent was actually intended. (*People v. Wilson* (1963) 60 Cal.2d 139). Additionally, the statutory right to a speedy trial is not personal to the defendant and can be waived by counsel. (*Townsend v. Superior Court* (1975) 15 Cal.3d 774; See also *People v. Lomax* (2010) 49 Cal.4th 530, 566).

Here, on December 17, 2019, the remittitur was issued and the judgment was reversed. The case was on the court's calendar on December 30, 2019. On that date, defense attorney Garry Preneta appeared on behalf of the defendant. The case was then put over to December 31, 2019 for the remittitur to be read into the record. On December 31, 2019, defense attorney Garry Preneta appeared on behalf of the defendant, was relieved as counsel of record, and Susan Kaplan was entered as the new attorney of record. At no time, either on December 30, 2019 or December 31, 2019, was a jury trial set within 60 days of the December 17, 2019 (the date the remittitur was issued). At no time, either on December 30, 2019 or December 31, 2019, did Mr. Preneta or Ms. Kaplan lodge an objection to a trial date not being set within 60 days of December 17, 2019 (the 60th day would have been on or about February 15, 2020). The case was next on calendar on January 16, 2020 and defense attorney Ms. Kaplan appeared on behalf of the defendant. At that time, the Court ordered defense counsel to prepare the transportation order so that the defendant could be transported from prison to court. Again, no trial date was set, nor was an objection lodged as to setting a trial date beyond the statutory 60 day period after the remittitur issued. On February 4, 2020, defense attorney Susan Kaplan appeared on behalf of the defendant, was relieved as counsel, and attorney Mr. Erwin Fredrich was appointed as the new counsel of record. At no time did either Ms. Kaplan or Mr. Fredrich exercise the defendant's statutory right to have his trial commence by February 15, 2020. In fact, all of the stated court appearances from the time

the remittitur was issued to the most recent court appearance was for the purposes of either reading the remittitur into the record or "to set." However, at the last court appearance on February 19, 2020, Mr. Fredrich, made an oral motion to dismiss the case under Penal Code Section. Defense counsel subsequently filed a written Motion to Dismiss under Penal Code Section 1382.

Given the fact that the statutory right to a jury trial within 60 days of the remittitur being issued is **not** personal to the defendant and can be either exercised or waived by defense counsel, coupled with the fact that at no time before the 60 days lapsed did counsel object to a jury trial being set beyond the 60 days, indicates that the defendant through his attorney, implicitly consented to his jury trial commencing after 60 days from the time the remittitur issued. Thus, there has not been a statutory violation of Penal Code Section and the defense motion should be denied.

## CONCLUSION

For the above stated reasons, the defendant's motion should be denied.

3/10/20                                        Respectfully submitted,

                                               CHESA BOUDIN
                                               District Attorney


                                               By: _____
                                               Antonio J. Hernandez
                                               Assistant District Attorney
                                               Attorneys for the People

6

## DECLARATION

I, ANTONIO J. HERNANDEZ, declare:

1. I am an Assistant District Attorney for the County of San Francisco, and I am the attorney assigned to this matter.

2. The dates and events in this attached motion are true and accurate, and are based on my review of the docket and court records in case 15013868.

I declare under penalty of perjury that the foregoing is true and correct, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Executed on March 10, 2020, at San Francisco, California.

Antonio J. Hernandez
Assistant District Attorney

# DECLARATION OF SERVICE

I, Antonio J. Hernandez, state:

That I am a citizen of the United States, over eighteen years of age, an employee of the City and County of San Francisco, and not a party to the within action; that my business address is 350 Rhode Island Street, North Building, Suite 400N, San Francisco, California 94103. I am familiar with the business practice at the San Francisco District Attorney's Office (SFDA) for collecting and processing electronic and physical correspondence. In accordance with that practice, correspondence placed in the internal mail collection system at the SFDA is deposited in the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business. Correspondence that is submitted electronically is transmitted using the TrueFiling electronic system, FileAndServeXpress electronic system, or electronic mail. Participants who are registered with either TrueFiling or FileAndServeXpress will be served through electronic mail at the email addresses listed below. Participants who are not registered with either TrueFiling or FileAndServeXpress will receive hard copies through the mail via the United States Postal Service.

That on March 10, 2020, I electronically served the Opposition to Motion to Dismiss by transmitting a true copy of it through TrueFiling, FileAndServeXpress, or through electronic mail at the following electronic mail address:

Erwin Fredrich
efredrich@juno.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 10, 2020, at San Francisco, California.

Antonio J. Hernandez
Assistant District Attorney

8