UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALLACE BATISTE,

Plaintiff,

v.

LORETTA GIORGI, et al.,

Defendants.

Case No. 23-cv-00383-PCP

**ORDER DISMISSING COMPLAINT IN PART AND STAYING IN PART, AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**

Docket No. 6

Wallace Batiste, an inmate at San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Complaint is now before the Court for review under 28 U.S.C. § 1915A. The Complaint is dismissed in part and stayed in part because Mr. Batiste's claims are barred by the doctrine of absolute judicial immunity and are *Younger*-barred.

**I.      BACKGROUND**

Mr. Batiste pled guilty to one count of robbery before the Superior Court of California for the County of San Francisco ("Superior Court"). He appealed his sentence, arguing that his guilty plea was improperly induced. California's First District Court of Appeal reversed the Superior Court's judgment and remanded so that Mr. Batiste could withdraw his guilty plea. Dkt. No. 1, at 9–13.

Exhibits to the Complaint suggest that Mr. Batiste withdrew his guilty plea. Dkt. No. 1, at 20 ("I then remove withdraw pull my plea"). He subsequently petitioned the Superior Court for a writ of habeas corpus, which was denied. *See id*. at 28, 30.

Mr. Batiste's criminal prosecution currently is pending before the Honorable Loretta Giorgi in the Superior Court. *See* Dkt. No. 1, at 2–3 (identifying judge); *see also People v. Batiste*, CRI-15013868 (S.F. Super. Ct.) (showing future calendar dates). Mr. Batiste is represented by

counsel. Dkt. No. 1, at 38 (minute order, showing counsel appeared on Mr. Batiste's behalf). On at least one occasion, Mr. Batiste has "ma[de] an oral request for a [M]arsden motion" challenging his assigned attorney, which request was denied. *Id*. at 39.

In the instant action, Mr. Batiste named as defendants Judge Giorgi, whom he accuses of intentionally delaying criminal proceedings; his defense counsel, whom he accuses of having "animosity grudge" toward Mr. Batiste; and the Honorable Russell Roeca, whose involvement in Mr. Batiste's case is not disclosed. *Id*. at 2-3. He also appears to name the Superior Court. *Id*. at 1. As relief, Mr. Batiste asks this Court to appoint new counsel in the state criminal prosecution, and to award Mr. Batiste $150,000,000. *Id*. at 3.

## II. LEGAL STANDARD

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. ANALYSIS

Mr. Batiste sues the Hons. Giorgi and Roeca, both judges on the Superior Court, for actions they took in a judicial proceeding. Compl. at 2. A state judge is absolutely immune from civil liability for damages for acts performed within the judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)); *see also Mireles v. Waco*, 502 U.S. 9, 11–13 (1991) (judicial immunity is not overcome by allegations of bad faith or malice). Mr. Batiste does not claim that Judge Giorgi or Judge Roeca acted without jurisdiction. Accordingly, his damages claims against them are barred.

United States District Court
Northern District of California

The Complaint reveals that Mr. Batiste challenges a still-pending state criminal proceeding. This suit must be stayed in part and dismissed in part pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[1]

Under principles of comity and federalism, a federal court, absent extraordinary circumstances, should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief. *See Younger*, 401 U.S. at 43–54. Under *Younger*, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

The Ninth Circuit applies a four-factor test to determine whether *Younger* abstention is required:

> *Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding. . . . Abstention is only appropriate when all four requirements are met.

*Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023) (considering whether *Younger* abstention was required where state resentencing proceeding was pending). All four factors are present here.

As noted above, a state criminal prosecution against Mr. Batiste remains pending. The first *Younger* factor is therefore met.

Federal courts have recognized that California has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (noting that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44–45). Because a criminal proceeding against Mr. Batiste is ongoing, important California interests are implicated and the second *Younger* factor is met.

---

[1] Courts may raise abstention *sua sponte*. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (noting that abstention is "rooted in overlapping principles of equity, comity, and federalism" and may be raised *sua sponte*); *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) (noting abstention may be raised *sua sponte*).

The third *Younger* factor asks whether there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Duke*, 64 F.4th at 1094. Here, Mr. Batiste can ask for a new attorney in his state criminal prosecution, and previously has done so. *E.g., Lesopravsky v. Warden*, No. CV 16-7110-JPR, 2018 WL 2085333, at *5 (C.D. Cal. May 3, 2018) (finding *Younger* abstention necessary where, *inter alia*, litigant challenged denial of a *Marsden* motion). He also could seek recusal of Judge Giorgi if he believes her to be biased. *See* Cal. Code Civ. P. 170 *et seq*. Because Mr. Batiste can raise his constitutional challenges in state court, this factor is satisfied.

The Ninth Circuit imposes a fourth requirement for abstention: "the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Duke*, 64 F.4th at 1094. Where a criminal defendant seeks to have a judge removed from his case for reasons of alleged bias, this "would directly interfere with the state proceedings in a manner that qualifies for a *Younger* abstention." *Manning v. Alaska State Ct. Sys.*, 76 F. App'x 790, 791–92 (9th Cir. 2003). *See also Kenneally v. Lungren*, 967 F.2d 329, 332–34 (9th Cir. 1992) (where plaintiff presented no evidence of bias, *Younger* abstention was appropriate). This factor is met by Mr. Batiste's challenge to Judge Giorgi.

For these reasons, the Court concludes that Mr. Batiste's requests for equitable relief, in the form of replacement of his defense attorney and a ruling on alleged judicial bias, would have "the practical effect of enjoining" Mr. Batiste's criminal prosecution. They cannot be considered by a federal court while that criminal prosecution is pending.

## IV. THE COURT MUST STAY THIS ACTION IN PART AND DISMISS IN PART.

Because all the elements for a *Younger* abstention are present, the Court will abstain from interfering in the ongoing California criminal prosecution. *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (concluding abstention is appropriate in "actions at law" when "a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings").

For equitable claims, the proper course is to dismiss. *See Gilbertson v. Albright*, 381 F.3d at 981 ("When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to

4

refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding. Once it is determined that an injunction is not warranted on *Younger* grounds, there is nothing more for the federal court to do. Hence, dismissal (and only dismissal) is appropriate.") (emphasis in original). Accordingly, Mr. Batiste's requests for equitable relief are dismissed.

As noted above, Mr. Batiste's claims for damages against Judge Giorgi and Judge Roeca must be dismissed under the doctrine of absolute judicial immunity. Mr. Batiste's remaining claims for damages are stayed. "[F]ederal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968; *accord Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 689–90 (9th Cir. 2009) ("[B]ecause in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings …. [t]he district court – quite appropriately – did not dismiss under *Younger* but stayed the proceedings pending the final decision of the California courts.").

## V.    CONCLUSION

Mr. Batiste's claim for damages against the judicial defendants is **DISMISSED WITH PREJUDICE** and his claim for damages against the non-judicial defendants is **STAYED** pursuant to *Younger*. His claim for equitable relief is **DISMISSED** without prejudice. After final disposition of Mr. Batiste's California criminal prosecution (including all appeals), he may request that the stay be lifted.

The Clerk is directed to **ADMINISTRATIVELY CLOSE** the file. This is a purely internal administrative procedure that does not affect the rights of the parties.

Mr. Batiste's *in forma pauperis* application is **GRANTED**. The initial partial filing fee is $10.00. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater).

//

//

//

5

A copy of this order and the attached instructions will be sent to Mr. Batiste and the institution's trust account office.

**IT IS SO ORDERED**.

Dated: November 7, 2023

P. CASEY PITTS
United States District Judge

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due **within thirty days** of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner

7